19-4078

JS 44 (Rev. ) CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Evelyn Cintron

**DEFENDANTS**
City of Philadelphia et al.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Isaac H. Green, Esquire Mincey Fitzpatrick Ross LLC
1500 JFK Blvd, Suite 1525, Philadelphia, PA 19102

Attorneys *(If Known)*
Unknown

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 2  U.S. Government Defendant
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*          Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 230 Rent Lease & Ejectment | ☒ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 USC Sec. 2000e ET Seq
Brief description of cause:
This is action is brought due to the defendants violation of title 7.

**VII. REQUESTED IN COMPLAINT:**
- ❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ IN EXCESS OF $150,000.00
- CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes  ❏ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*    NONE
JUDGE                           DOCKET NUMBER

DATE
September 6, 2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

19-4078

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 9674 Sandanne Road, Philadelphia, PA 19115

Address of Defendant: 1515 Arch Street, Philadelphia, PA 19103

Place of Accident, Incident or Transaction: Eighth and Race Streets, Philadelphia, PA

---

*RELATED CASE, IF ANY:*

Case Number: None    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: September 6, 2019    _____    36059

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

**A.    Federal Question Cases:**

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Patent
☐ 6.  Labor-Management Relations
☒ 7.  Civil Rights
☐ 8.  Habeas Corpus
☐ 9.  Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
      *(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify):* _____
☐ 7.  Products Liability
☐ 8.  Products Liability – Asbestos
☐ 9.  All other Diversity Cases
      *(Please specify):* _____

---

## ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Isaac H. Green, Esquire , counsel of record *or pro se plaintiff*, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: September 6, 2019    _____    36059

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

RBS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Evelyn Cintron      :      CIVIL ACTION

v.      :

City of Philadelphia et al      :      NO. 19-4078

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

September 10, 2019      Isaac Green, Esquire

**Date**      **Attorney-at-law**      **Attorney for** Plaintiff

267·625·9189      215·587·0028      Thegreenlob@gmail.com

**Telephone**      **FAX Number**      **E-Mail Address**

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EVELYN CINTRON**<br>967 Sandanne Road<br>Philadelphia, PA 19115 | : <br>: <br>:     JURY TRIAL DEMANDED<br>:<br>        Plaintiff,     :     CIVIL ACTION NO: _19-4078_<br>: |

EVELYN CINTRON
967 Sandanne Road
Philadelphia, PA 19115
           Plaintiff,

    v.

CITY OF PHILADELPHIA, a Municipal
   Corporation having principal offices
   located at its
Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

     and

THE PHILADELPHIA POLICE
   ATHLETIC LEAGUE, a 501(c)(3)
non-profit business entity doing
in the City and County of Philadelphia,
Commonwealth of Pennsylvania,
having a main office in Philadelphia at
3068 Belgrade Avenue
Philadelphia, PA 19134

     and

JOSEPH SULLIVAN, individually and
   in his official capacity as
Deputy Police Commissioner
750 Race Street
Philadelphia, PA 19106
            Defendants

JURY TRIAL DEMANDED

CIVIL ACTION NO: _19-4078_

## COMPLAINT

### JURISDICTION and VENUE

1.     Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

      § 2000e, as amended by §1981a (hereinafter, "Title VII"), 42 U. S. C. §1983, and

1

§1988.  Jurisdiction is invoked pursuant to 28 U.S.C. §1331 and §1343.  The Court's Pendent jurisdiction is invoked pursuant to 28 USC §1367(a).

2.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) inasmuch as Plaintiffs' causes of action arose in the Eastern District of Pennsylvania, and all the Defendants are found in the Eastern District of Pennsylvania.

## THE PARTIES

3.    Plaintiff **EVELYN CINTRON** is an adult, Hispanic female individual presently aged 52 years old and a citizen of the Commonwealth of Pennsylvania residing at 9674 Sandanne Road, Philadelphia, PA 19116.

4.    Defendant **CITY OF PHILADELPHIA** is (hereinafter "CITY") is a Municipal Corporation located in the Commonwealth of Pennsylvania, defined as a City of the First Class under the laws of the Commonwealth of Pennsylvania, and having principal offices at its Law Department, located at 1515 Arch Street, 14th Floor, Philadelphia, PA 19102.  Defendant CITY owns, operates, manages and directs the Philadelphia Police Department (hereinafter "Police Department") as a Department of the City of Philadelphia which, in turn, employs the below-described Defendant.  The Police Department has principal offices at the Police Administration Building, 750 Race Street, Philadelphia, PA 19106.

5.    Defendant **POLICE ATHLETIC LEAGUE** (hereinafter "PAL"), is a 501(c)(3) non-profit organization doing business in the City and County of Philadelphia, Pennsylvania, having a main office located at 3068 Belgrade Avenue, Philadelphia, PA 19134.

6.    Although Defendant **PAL** is an independently organized non-profit organization, it

2

functions as a unit and part of Defendant CITY's Philadelphia Police Department.

7.    Defendant **JOSEPH SULLIVAN** (hereinafter "SULLIVAN") is an adult white male, and is an employee, servant, workman and/or agent of Defendant CITY and its Police Department as well as an employee, servant, workman and/or agent of Defendant PAL, having a principal office located at Police Administration Building, 750 Race Street, Philadelphia, PA 19106.  At all times relevant hereto, Defendant SULLIVAN was employed by said Defendants CITY and PAL in a Supervisory Capacity as a Deputy Police Commissioner and, as such, was a policymaker for both Defendant CITY and its Police Department and Defendant PAL.  Defendant SULLIVAN is being sued individually and in his official capacity as a Deputy Police Commissioner of said Police Department and PAL Supervisor.

8.    At all times material hereto, Defendants CITY and its Police Department and Defendant PAL acted or failed to act through its authorized agents, servants, workmen and employees including, but not limited to, Defendant Sullivan, who was at all times then and there acting within the course and scope of his dual employment with both Defendants.  Specifically, the Defendant CITY and PAL, as a matter of custom, policy and/or practice intentionally and deliberately failed to adequately train, supervise, discipline, or otherwise direct Defendant Sullivan concerning race and national origin discrimination and retaliation, thereby causing the individual Defendant in this case to engage in the unlawful and illegal conduct described herein.

9.    At all times material hereto, Defendant Sullivan was acting in the course and

3

scope of his agency and/or employment with and on behalf of and/or under the management, control and/or direction of both Defendant CITY and its Police Department and Defendant PAL, and his acts and failures to act were the acts and failures to act of both Defendant CITY and Defendant PAL.

10. At all times relevant hereto, Defendant CITY and its Police Department and Defendant PAL co-employed Defendant SULLIVAN and were, therefor co-employers.

11. At all times material hereto, the individual Defendant was acting intentionally, maliciously, and in reckless disregard of the Plaintiff's right to be free from race and national origin discrimination and retaliation.

## ADMINISTRATIVE PROCEDURES

12. Plaintiff filed charges of sex and national origin discrimination and retaliation against the Defendants with the District Office of the Equal Employment Opportunity Commission, Charge No. 530-2019-02982, on 22 May 2019.

13. Plaintiff also received a Notice of Right to Sue Within 90 Days from the U. S. Department of Justice dated 10 June 2019.  A copy of the Notice of Right to Sue" is attached and marked as Exhibit "A".

## BACKGROUND ALLEGATIONS

14. In June 2015, Plaintiff Cintron was selected by Defendant CITY's Police Commissioner, Richard Ross, to be the Commanding Officer of the Philadelphia Police Athletic League ("PAL"); at all times relevant hereto, she served at the rank of Lieutenant and was the first Latina female to serve at that rank.

4

15. Defendant PAL is a collaborative effort between the Philadelphia Police Department and Defendant PAL, the non-profit organization; its leadership consists predominately of white males, including Defendant Sullivan, who are simultaneously members of Defendant CITY's Philadelphia Police Department and Defendant PAL.

16. In March 2018, D/C Patterson, an employee, workman and agent of both Defendants CITY and PAL, assigned Plaintiff Cintron a new supervisor, Defendant Joseph Sullivan, a newly-appointed D/C, and directed her to report to D/C Sullivan thereafter.

## OPERATIVE ALLEGATIONS

17. In June 2015, Plaintiff Cintron was selected by Defendant CITY's Police Commissioner, Richard Ross, to be the Commanding Officer of the Philadelphia PAL; at all times relevant hereto, she served at the rank of Lieutenant and was the first Latina female to serve at that rank.

18. Initially, Plaintiff Cintron was directed to report to Deputy Commissioner ("D/C") Myron Patterson on day-to-day matters that he could handle and on other important matters.

19. Plaintiff Cintron's duties consisted of managing both the policing unit and Defendant CITY's police personnel while managing the day-to-day operations of Defendant PAL.

20. In March 2018, D/C Patterson assigned Plaintiff Cintron a new supervisor, Defendant Joseph Sullivan, a newly-appointed D/C, and directed her to report to D/C Sullivan thereafter.

5

21.    During her tenure at Defendant PAL, Plaintiff Cintron objected to and reported to
Defendant Sullivan numerous disparities in funding between those PAL centers
that serviced primarily Black and Hispanic constituents (the young people who
used PAL facilities and programs) and those that serviced the white
communities, and noticed that the PAL centers for the latter received the most
funding.

22.    Plaintiff Cintron also reported to Defendant Sullivan numerous violations of
departmental policies and the lack of supervision of subordinate staff.

23.    Plaintiff Cintron also reported to Defendant Sullivan that local, state and federal
laws were being violated regarding the unfair treatment of minority personnel,
including, but not limited to, the disparity in distribution of overtime hours
between minority and white personnel.

24.    Generally, Plaintiff Cintron advocated to Defendants Sullivan, City and PAL for
and on behalf of minority constituents, but her efforts were not heeded or
addressed.

25.    More specifically, Plaintiff Cintron complained, *inter alia*, about unsafe conditions
in the Wissinoming PAL center and other centers that served predominantly
minority youth.

26.    She also complained about the disparity in the quality and quantity of charitable
gifts, such as tickets to sports events provided to PAL centers by outside
sources, to be distributed among PAL youth members and the PAL unit police
officers.

27.    In fact, D/C Sullivan once directed resources that might have been used with

6

respect to minority and disadvantaged PAL centers to an Irish non-profit PAL center for which he personally advocated.

28.    Plaintiff Cintron also reported to D/C Patterson, and therefore Defendants CITY and PAL, discriminatory conduct by Defendant Sullivan himself.

29.    However, when Plaintiff Cintron reported D/C Sullivan's discriminatory conduct to D/C Patterson, who was generally supportive of her efforts advocating against discriminatory, D/C Patterson advised her to return to D/C Sullivan and deal with him; no remedial action was taken, although D/C Patterson continued to support Plaintiff's efforts.

30.    Plaintiff Cintron orally complained to Defendant CITY's office of Equal Employment Opportunity about the discriminatory practices she had observed.

31.    In response to efforts the Plaintiff's efforts to advocate on behalf of minority constituents and her having complained to D/C Patterson about D/C Sullivan's discriminatory conduct, D/C Sullivan ordered the Plaintiff never to go to D/C Patterson or Commissioner Ross with complaints, leaving the Plaintiff with no avenue to report his misconduct to his superiors.

32.    In further response to efforts to advocate on behalf of minority constituents and her having complained to D/C Patterson about his discriminatory conduct, D/C Sullivan leveled false accusations about her work performance and disparaged and besmirched her reputation to third parties.

33.    In still further response to the Plaintiff's efforts and complaints as described herein, D/C Sullivan urged and convinced other members of Defendant PAL's leadership to isolate her, exclude her from meetings and to treat her with general

7

hostility.

34. Having been denied any avenue to report his misconduct to his superiors, the Plaintiff found her work conditions stressful and the work environment hostile and harmful.

35. As a direct and proximate result of the stressful and hostile work conditions imposed on her by Defendant Sullivan, the Plaintiff experienced panic attacks and such severe insomnia that she had to seek medical attention on several occasions to address it.

36. Plaintiff Cintron was diagnosed with Post Traumatic Stress Disorder and acute depression caused by work-related stress, and was prescribed medication.

37. As a direct and proximate result of the stressful and hostile work conditions imposed on her by Defendant Sullivan, the Plaintiff was forced to take family medical leave from her job.

38. Furthermore, the Plaintiff had to seek long term psychiatric care and counseling.

39. The impact of the stressful and hostile work environment caused her by D/C Sullivan was so severe that the Plaintiff's doctor could not clear her for a return to work, and she was forced to retire after over twenty seven (27) years of service to Defendant CITY, twenty (20) years of which service was given to the Philadelphia Police Department.

40. The Plaintiff believes, and therefore avers, that she was subjected to the within-described hostile and discriminatory conduct because she is female and a Latina, the first female Latina to achieve the rank of Lieutenant with the Philadelphia Police Department.

8

## FEDERAL CLAIMS

### COUNT I:  PLAINTIFF CINTRON -v- DEFENDANTS CITY OF PHILADELPHIA and POLICE ATHLETIC LEAGUE
### (Violation to Title VII, 42 USC §2000e-2(a)(1)

1.      The allegations in all preceding paragraphs are incorporated and made part of
this paragraph as if fully set forth here.

2.      The acts and/or failures to act of Defendant SULLIVAN, which were the acts and
failures to act of Defendants CITY and PAL, discriminated against the Plaintiff in
the terms and conditions of her employment and denied her of rights and/or
protections secured to her by the Equal Protection Clause of the Fourteenth
Amendment.

3.      The acts and failures to act of Defendant SULLIVAN, which were the acts and
failures to act of Defendants CITY and PAL, discriminated against the Plaintiff on
the basis of her sex and her national origin, and constituted an unlawful
employment practice in violation of 42 U. S. C. 2000e-1.

*WHEREFORE*, the Plaintiff demands judgment against Defendants CITY and

PAL, individually and/or jointly, in a sum in excess of One Hundred Thousand Dollars

($100,000.00), and for reasonable attorneys fees pursuant to 42 USC §1988(b).

### COUNT II:  PLAINTIFF CINTRON -v- DEFENDANT CITY OF PHILADELPHIA and POLICE ATHLETIC LEAGUE
### (Violation to Title VII, 42 §USC 2000e-2(a)(2)

4.      The allegations in all preceding paragraphs are incorporated and made part of
this paragraph as if fully set forth here.

5.      The acts and/or failures to act of  of Defendant SULLIVAN, which were the acts
and failures to act of Defendants CITY and PAL, discriminated against the

9

Plaintiff by serving to limit, segregate and classify her in a way which deprived her of employment opportunities and adversely affected her status as an employee because of her sex and national origin.

6.    The acts and failures to act of Defendant SULLIVAN, which were the acts and failures to act of Defendants CITY and PAL, discriminated against the Plaintiff on the basis of her sex and national origin and constituted an unlawful employment practice in violation of 42 U. S. C. 2000e-2(a)(2).

**WHEREFORE**, the Plaintiff demands judgment against Defendants CITY and PAL, individually and/or jointly, in a sum in excess of One Hundred Thousand Dollars ($100.000.00), and for reasonable attorneys fees pursuant to 42 USC §1988(b).

### COUNT III:  PLAINTIFF CINTRON -v- DEFENDANT CITY OF PHILADELPHIA and POLICE ATHLETIC LEAGUE
### (VIOLATION OF TITLE VII, 42 U. S. C. §2000(e)-3(a))

7.    The Allegations contained in all preceding Paragraphs are here incorporated and included by reference as if fully set forth here.

8.    The acts and failures to act of Defendant SULLIVAN, as described herein, retaliated against the Plaintiff for complaining, *inter alia*, about race discrimination in the treatment of PAL centers and complaining about D/C Sullivan's discriminatory acts to his superior officer, D/C Patterson.

9.    The acts and failures to act of Defendant SULLIVAN, which were the acts and failures to act of Defendants CITY and PAL, constituted an unlawful employment practice proscribed by 42 U. S. C. §2000e-3(a).

10.    As a result of Defendant SULLIVAN's actions, and therefore Defendant CITY's and Defendant PAL's actions, the Plaintiff has and may be impaired in her

employment opportunities, and has suffered loss of income, loss of professional stature, mental anguish, embarrassment, humiliation, and loss of self-esteem in violation of 42 U. S. C. §2000(e)-3(a).

**WHEREFORE**, the Plaintiff prays for Judgment against Defendants CITY and PAL, individually and/or jointly, for damages in excess of One Hundred Thousand Dollars ($100,000.00), and for reasonable attorneys fees pursuant to 42 USC §1988(b).

### Count IV: PLAINTIFF CINTRON -v- DEFENDANTS CITY OF PHILADELPHIA, POLICE ATHLETIC LEAGUE and SULLIVAN
### (Violation of 42 U. S. C. §1983, 1st and 14th Amendments)

11.     The Allegations contained in all preceding Paragraphs are here incorporated and included by reference as if fully set forth here.

12.     Defendants CITY and PAL each acted under color of law, and with deliberate indifference to the Plaintiff's rights to be free from retaliatory conduct by Defendant SULLIVAN, by failing to adequately train, supervise and instruct Defendant SULLIVAN in the illegality and impropriety of retaliating against employees for reporting incidents of race and employment discrimination.

13.     Defendant SULLIVAN is liable, individually and professionally, for his retaliatory acts and failures to act as described herein.

14.     Defendant CITY is strictly liable for the acts and failures to act of Defendant SULLIVAN, as described.

15.     Defendant PAL is strictly liable for the acts and failures to act of Defendant SULLIVAN, as described.

16.     As a result of said failure to train, supervise and instruct Defendant SULLIVAN, who then retaliated against the Plaintiff as described herein, the Plaintiff was

11

deprived of her rights under the First and Fourteenth Amendments to the United

States Constitution.

17.    As a result of the Defendants' actions, the Plaintiff has and may be impaired in

her employment opportunities, and has suffered loss of income, loss of

professional stature, mental anguish, embarrassment, humiliation, and loss of

self-esteem in violation of 42 U. S. C. §1983.

**WHEREFORE**, the Plaintiff prays for Judgment against the Defendants, individually and/or jointly, for damages in excess of One Hundred Thousand Dollars ($100,000.00), and for reasonable attorneys fees pursuant to 42 USC §1988(b).

### STATE LAW CLAIMS:  JURY TRIAL DEMANDED

### COUNT V:   PLAINTIFF CINTRON -v- DEFENDANT CITY OF PHILADELPHIA and POLICE ATHLETIC LEAGUE
### (Violation of  42 Pa. C. S. §955(a))

18.    The allegations in all preceding paragraphs are incorporated and made part of

this paragraph as if fully set forth here.

19.    The Plaintiff was the best able and most competent to perform her services as a

Lieutenant of Police for Defendant CITY and for Defendant PAL, which services

she had performed for many years.

20.    The acts and failures to act of Defendant SULLIVAN, which were the acts and

failures to act of Defendants CITY and PAL, tended to discriminate against the

Plaintiff with respect to compensation, hire, tenure, terms, conditions or privileges

of her employment on the basis of her sex and national origin.

21.    The acts and failures to act of Defendant SULLIVAN, which were the acts and

failures to act of Defendant CITY and PAL, constituted an unfair employment

practice proscribed by 42 Pa. C. S. §955(a).

**WHEREFORE**, the Plaintiff demands judgment against Defendants CITY and

PAL, individually and/or jointly, in a sum in excess of One Hundred Thousand Dollars

($100,000.00), and for costs and reasonable attorneys fees as allowed by law.

### COUNT VI:  PLAINTIFF CINTRON -v- DEFENDANTS CITY OF PHILADELPHIA, POLICE ATHLETIC LEAGUE and SULLIVAN 43 Pa. C. S. §955(d)

22.    The averments set forth in all preceding paragraphs are here incorporated here

as if fully set forth here.

23.    43 Pa. C. S. §955(d) proscribes any person or employer from discriminating in

any manner against any individual because such individual has opposed any

practice forbidden by this act, or because such individual has made a charge,

testified or assisted, in any manner, in any investigation, proceeding or hearing

under this act.

24.    The Defendants, individually and jointly, intentionally and wilfully  discriminated

and retaliated against the Plaintiff because she opposed discriminatory practices

forbidden by 43 Pa. C. S. §955, all in violation of 43 Pa. C. S. §955(d).

25.    As a result of the conduct of the Defendants, individually and/or jointly, the

Plaintiff has suffered a loss of employment and income, loss of professional

stature, mental anguish, embarrassment, humiliation, and loss of self-esteem.

**WHEREFORE**, the Plaintiff prays for Judgment against the Defendants,

individually and/or jointly, for damages in excess of One Hundred Thousand Dollars

($100,000.00), and for costs and reasonable attorneys fees as allowed by law.

Respectfully submitted,

13

Isaac H. Green, Jr., Esquire
Attorney for Plaintiff Cintron

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  **Evelyn Cintron**<br>**9674  Sandanne Road**<br>**Philadelphia, PA 19115** | From:  **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1300**<br>**Philadelphia, PA 19107** |

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2019-02982** | **Legal Unit,**<br>**Legal Technician** | **(215) 440-2828** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

**EXHIBIT**
*A*
Blumberg No. 5119

*Jamie R. Williamson*

06/10/19

**Jamie R. Williamson,**
**District Director**

*(Date Mailed)*

Cc:

Linda Busillo, Sr. Legal Assistant Supervisor
CITY OF PHILADELPHIA
Law Department
1515 Arch Street, 16th floor
Philadelphia, PA 19102

Isaac H. Green, Esq.
MINCEY FITZPATRICK ROSS, LLC
Two Penn Center
1500 Jfk Boulevard,  Suite 1525
Philadelphia, PA 19102