# EXHIBIT "H"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EVELYN CINTRON, | : |
| Plaintiff, | : |
| | :     Case No. 19-04078-RBS |
| v. | : |
| | : |
| CITY OF PHILADELPHIA, et al, | : |
| Defendants. | : |
| | : |
| | : |

**DEFENDANT POLICE ATHLETIC LEAGUE'S**
**RESPONSES AND OBJECTIONS TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Police Athletic League ("PAL" or "Defendant"), by and through its undersigned counsel, hereby submits the following responses and objections to Plaintiff's First Set of Interrogatories (collectively the "Interrogatories" and individually an "Interrogatory").

**PRELIMINARY STATEMENT**

The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court.

In addition, discovery and investigation in this matter is on-going. Accordingly, Defendants reserve the right to revise, change, or supplement at any time or in any manner these answer and objections to Plaintiff's Interrogatories.

Finally, Defendants object to each and every Interrogatory to the extent it calls for the production of electronic mail. The parties have not yet agreed upon the scope of ESI including, but not limited to, custodians, date ranges, or search terms. Accordingly, Defendants object to each Interrogatory to the extent it calls for the production of ESI pending an agreement between

the parties relating to the scope of any ESI searches or production.  Defendants further reserve all

other objections relating to such ESI pending such an agreement.

## INTERROGATORIES

1.      Identify each person making and assisting with your interrogatory responses

including each person's name current title and relationship to the defendant.

**RESPONSE: Objection.  PAL objects to this Interrogatory because it is vague and ambiguous in that it fails to define "making and assisting" in the context of this Interrogatory.  PAL also objects to this Interrogatory because it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence.  In addition, PAL objects to Interrogatory because it seeks information protected by the attorney-client and/or work-product privileges.  Subject to and without the waiver of the foregoing objections, these Interrogatory responses were drafted by counsel based upon information provided by PAL.**

2.      State whether the Philadelphia Police Athletic League (hereinafter PAL) is a

government entity.

**RESPONSE: Objection.  PAL objects to this Interrogatory as vague and ambiguous to the extent the term "governmental entity" is not defined in the context of this Interrogatory. Subject to and without the waiver of the foregoing objection, PAL is not a governmental agency.**

3.      State whether the Philadelphia Police Department contributed to the salaries of

police officers assigned to the Philadelphia Police Athletic League.

**RESPONSE: Objection.  PAL objects to this Interrogatory to the extent it is directed to a party other than PAL, and it seeks information that is otherwise obtainable by the requesting party from a source other than PAL in a reasonably convenient or less burdensome manner. PAL also objects on the grounds that this Interrogatory is vague, ambiguous, overly broad, and proportional to the needs of discovery in this case.  Subject to and without waiving said objections, this Interrogatory seeks information known to the City of Philadelphia (the "City").**

4.      State the names of the PAL executive board members between the calendar years

of 2016 and 2018.

**RESPONSE: Objection. PAL objects to this Interrogatory because it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence.  PAL also objects to this Interrogatory because it is overly broad and not proportional to the needs of discovery**

2

in this case. In addition, PAL objects to this Interrogatory to the extent it seeks information already in Plaintiff's possession, equally available to Plaintiff, or through other means that impose a lessor burden on PAL. Subject to and without waiving said objections, information pertaining to PAL's executive board members can be found on its public website: www.phillypal.org.

     5.     State the name and current address of the Philadelphia Police Athletic League's

executive director between the years 2016 and 2018.

**RESPONSE: Objection. PAL objects to this Interrogatory because it seeks information protected by the privacy rights of third parties. PAL also objects to this Interrogatory because it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence. In addition, PAL objects to this Interrogatory to the extent it seeks information already in Plaintiff's possession, equally available to Plaintiff, or through other means that impose a lessor burden on PAL. Subject to and without the waiver of the foregoing objections, Theodore Qualli was the Executive Director of PAL between 2016 and 2018. Mr. Qualli can be contacted through the undersigned counsel.**

     6.     State whether any PAL board members are members of the Philadelphia Police

Department.

**RESPONSE: Objection. PAL objects this Interrogatory because vague and ambiguous and fails to define the time period for which it seek responsive information. Further, and because its scope is not limited in any way, PAL objects to this Interrogatory because it is overly broad, unduly burdensome, and disproportionate to the needs of discovery in this case. PAL also objects to this Interrogatory because it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence. In addition, PAL objects to this Interrogatory to the extent it seeks information already in Plaintiff's possession, equally available to Plaintiff, or through other means that impose a lessor burden on PAL. Subject to and without the waiver of the foregoing objections, and construing this Interrogatory to seek information between the years 2016 and 2018, yes.**

     7.     State whether PAL has a mission statement.

**RESPONSE: Objection. PAL objects to this Interrogatory because it fails to define the term "mission statement" and is therefore vague and ambiguous. PAL also objects this Interrogatory because it is vague and ambiguous and fails to define the time period for which it seeks responsive information. Further, and because its scope is not limited in any way, PAL objects to this Interrogatory because it is overly broad, unduly burdensome, and disproportionate to the needs of discovery in this case. In addition, PAL objects to this Interrogatory because it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence. PAL further objects to this Interrogatory to the extent it seeks information already in Plaintiff's possession, equally available to Plaintiff, or through other means that impose a lessor burden on PAL. Subject to and without the waiver of the**

foregoing objections, and construing this Interrogatory to determine whether PAL has a stated "mission," yes.

8. If your answer to the preceding interrogatory is in the affirmative, state what the

mission statement says.

**RESPONSE: Objection. PAL objects to this Interrogatory because its scope fails to define the term "mission statement" and is therefore vague and ambiguous. PAL also objects this Interrogatory because it fails to define the time period for which it seeks responsive information. Further, and because its scope is not limited in any way, PAL objects to this Interrogatory because it is overly broad, unduly burdensome, and disproportionate to the needs of discovery in this case. In addition, PAL objects to this Interrogatory because it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence. PAL further objects to this Interrogatory to the extent it seeks information already in Plaintiff's possession, equally available to Plaintiff, or through other means that impose a lessor burden on PAL. Subject to and without the waiver of the foregoing objections, and construing this Interrogatory to determine whether PAL has a stated "mission," that "mission" is "cops helping kids."**

9. State whether any PAL board members ever discussed plaintiff's work performance

with Deputy Commissioner Myron Patterson or Deputy Commissioner Joseph Sullivan.

**RESPONSE: Objection. PAL objects to this Interrogatory because it is vague and ambiguous in that it fails to define "work performance." PAL also objects to this Interrogatory because it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence. In addition, PAL objects to this Interrogatory to the extent it seeks information already in Plaintiff's possession, equally available to Plaintiff, or through other means that impose a lessor burden on PAL. Subject to and without the waiver of the foregoing objections, it is not believed that there were any specific complaints about Plaintiff's "work performance" but there were complaints voiced about her attitude and treatment of others, which may have been communicated to Deputy Commissioner Myron Patterson or Deputy Commissioner Joseph Sullivan.**

10. If your answer to the preceding interrogatory is in the affirmative, state when the

conversation(s) occurred and what was said during the conversation(s).

**RESPONSE: Objection. See PAL's response to Interrogatory 9. By way of further response, said information can be obtained from Deputy Commissioner Myron Patterson or Deputy Commissioner Joseph Sullivan.**

11. State whether PAL through its board members or agents at any time accused

plaintiff of misusing Philadelphia Police Athletic League resources.

4

**RESPONSE: Objection. PAL objects to this Interrogatory because it is vague and ambiguous in that it fails to define "misusing" and "resources." PAL also objects to this Interrogatory because it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence. In addition, PAL objects to this Interrogatory to the extent it seeks information already in Plaintiff's possession, equally available to Plaintiff, or through other means that impose a lessor burden on PAL. PAL further objects to this Interrogatory to the extent it seeks information protected by the attorney-client and/or work-product privileges. Subject to and without the waiver of the foregoing objections, yes.**

12.    If your answer to the preceding interrogatory is in the affirmative, state who made

the accusations, when the accusations were made and the basis for the accusation.

**RESPONSE: Objection. PAL objects to this Interrogatory because it is vague and ambiguous in that it fails to define "misusing" and "resources." PAL also objects to this Interrogatory because it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence. In addition, PAL objects to this Interrogatory to the extent it seeks information already in Plaintiff's possession, equally available to Plaintiff, or through other means that impose a lessor burden on PAL. PAL further objects to this Interrogatory to the extent it seeks information protected by the attorney-client and/or work-product privileges. Subject to and without the waiver of the foregoing objections, see Cintron/PAL – 0006-0025.**

13.    State whether PAL or the City of Philadelphia disbursed donations and/or charitable

gifts made to the various PAL locations.

**RESPONSE: Objection. PAL objects to this Interrogatory because it is vague and ambiguous in that it fails to define "disbursed donations," "charitable gifts," and "PAL locations." PAL also objects this Interrogatory because it fails to define the time period for which it seeks responsive information. Further, and because its scope is not limited in any way, PAL objects to this Interrogatory because it is overly broad, unduly burdensome, and disproportionate to the needs of discovery in this case. In addition, PAL objects to this Interrogatory because it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence. PAL further objects to this Interrogatory to the extent it seeks information protected by the attorney-client and/or work-product privileges. Subject to and without the waiver of the foregoing objections, and answering this Interrogatory on behalf of PAL only, PAL states as follows: the City does not disburse donations and/or charitable gifts made to PAL.**

14.    State whether PAL provided Deputy Commissioner Joseph Sullivan an office at

3068 Belgrade Avenue, Philadelphia, Pennsylvania or any other location.

**RESPONSE: Objection. PAL objects that this Interrogatory because it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence. PAL also**

**objects this Interrogatory because it fails to define the time period for which it seeks responsive information.  Subject to and without waiving said objections, and construing this Interrogatory to seek information on the years when Plaintiff was the Commanding Officer of the PAL unit, no.**

15.    State whether PAL needed the approval of the City of Philadelphia when making

decisions regarding the operation of PAL.

**RESPONSE: Objection.  PAL objects to this Interrogatory because it is vague and ambiguous in that it fails to define "approval" and "operation".  PAL also objects this Interrogatory because it fails to define the time period for which it seeks responsive information.  Further, and because its scope is not limited in any way, PAL objects to this Interrogatory because it is overly broad, unduly burdensome, and disproportionate to the needs of discovery in this case.  In addition, PAL objects to this Interrogatory because it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence.  PAL further objects to this Interrogatory to the extent it seeks information protected by the attorney-client and/or work-product privileges.  Subject to and without the waiver of the foregoing objections, PAL states as follows:  no.**

16.    State whether PAL needed the approval of the City of Philadelphia on how

donations and charitable gifts made to PAL were to be disbursed.

**RESPONSE: Objection.  PAL objects to this Interrogatory because it is vague and ambiguous in that it fails to define "approval," "donations and charitable gifts," and "disbursed."  PAL also objects this Interrogatory because it fails to define the time period for which it seeks responsive information.  Further, and because its scope is not limited in any way, PAL objects to this Interrogatory because it is overly broad, unduly burdensome, and disproportionate to the needs of discovery in this case.  In addition, PAL objects to this Interrogatory because it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence.  PAL further objects to this Interrogatory to the extent it seeks information protected by the attorney-client and/or work-product privileges.  Subject to and without the waiver of the foregoing objections, PAL states as follows:  no.**

17.    Does the City of Philadelphia have any control over charitable gifts, funds or

donations made to PAL.

**RESPONSE: Objection.  PAL objects to this Interrogatory because it is vague and ambiguous in that it fails to define "control," and "charitable gifts, funds or donations."  PAL also objects this Interrogatory because it fails to define the time period for which it seeks responsive information.  Further, and because its scope is not limited in any way, PAL objects to this Interrogatory because it is overly broad, unduly burdensome, and disproportionate to the needs of discovery in this case.  In addition, PAL objects to this Interrogatory because it seeks information that is not relevant nor likely to lead to the**

discovery of admissible evidence.  PAL further objects to this Interrogatory to the extent it seeks information protected by the attorney-client and/or work-product privileges.  Subject to and without the waiver of the foregoing objections, PAL states as follows:  no.

18.    State how the Philadelphia Police Department collaborates with PAL.

**RESPONSE: Objection.  PAL objects to this Interrogatory to the extent it is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of discovery in this case.  Subject to and without waiving said objections, Philadelphia Police Officers, supported by civilians, offer sports and other programs to youth in PAL centers throughout the City.  Additional information can be found on PAL's online website: www.phillypal.org.**

19.    State whether there is a written agreement between PAL and the Philadelphia Police

Department setting forth how they are to work together.

**RESPONSE: Objection.  PAL objects to this Interrogatory because it fails to define the term "mission statement" and is therefore vague and ambiguous.   PAL also objects this Interrogatory because it fails to define the time period for which it seeks responsive information.  Further, and because its scope is not limited in any way, PAL objects to this Interrogatory because it is overly broad, unduly burdensome, and disproportionate to the needs of discovery in this case.  In addition, PAL objects to this Interrogatory because it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence.  PAL further objects to this Interrogatory to the extent it seeks information protected by the attorney-client and/or work-product privileges.  Subject to and without the waiver of the foregoing objections, there are no formal "written agreements" between PAL and the City.**

20.    State whether PAL ever collaborated on any matter with the plaintiff.

**RESPONSE: Objection.  PAL objects to this Interrogatory because it fails to define "collaborated" and "any matter" and is therefore vague and ambiguous and unclear what information may be responsive. Further, given the ambiguity in its terms, PAL objects to this Interrogatory because it is overly broad, unduly burdensome, and disproportionate to the needs of discovery in this case.  PAL also objects to this Interrogatory because it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence.  In addition, PAL objects to this Interrogatory to the extent it seeks information already in Plaintiff's possession, equally available to Plaintiff, or through other means that impose a lessor burden on PAL.**

21.    If your answer to the preceding interrogatory is in the affirmative, state the subject

matter on which PAL collaborated with the plaintiff.

**RESPONSE:  Objection.  See PAL's response to Interrogatory No. 20.**

7

22.    State whether plaintiff between the years 2016 and 2018 interfered with the

operation(s) of PAL.

**RESPONSE:  Objection.  PAL objects to this Interrogatory because it is vague and ambiguous in that it fails to define "interfered" and "operation(s)."  PAL also objects to this Interrogatory to the extent it seeks information already in Plaintiff's possession, equally available to Plaintiff, or through other means that impose a lessor burden on PAL.  PAL further objects to this Interrogatory to the extent it seeks information protected by the attorney-client and/or work-product privileges. Subject to and without the waiver of the foregoing objections, there was complaints about Plaintiff's attitude and treatment of others. By way of further response, see the documents produced at Cintron/PAL – 0006-0025.**

23.    State whether plaintiff complained to PAL about the distribution of donations,

charitable gifts, or funds to the various PAL locations.

**RESPONSE: Objection.  PAL objects to this Interrogatory because it fails to define "complained" and is therefore vague and ambiguous and unclear what information may be responsive. Further, given the ambiguity in its terms, PAL objects to this Interrogatory because it is overly broad, unduly burdensome, and disproportionate to the needs of discovery in this case.  PAL also objects to this Interrogatory because it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence.  In addition, PAL objects to this Interrogatory to the extent it seeks information already in Plaintiff's possession, equally available to Plaintiff, or through other means that impose a lessor burden on PAL.  Finally, PAL objects to this Interrogatory to the extent it seeks the production of information protected by the attorney-client and/or work-product privileges.  Subject to and without the waiver of the foregoing objections, PAL responds as follows:  no.**

24.    If your answer to the preceding interrogatory is in the affirmative, state the nature

of the complaint(s) and the date(s) it was made.

**RESPONSE: Objection.  See PAL's response to Interrogatory No. 23.**

25.    State the number of times the PAL board of directors met between January 2018,

and January 2019.

**RESPONSE: Objection.  PAL objects to this Interrogatory because it seeks information that is not relevant to Plaintiff's claims and seeks information on time periods not at issue to this lawsuit.  PAL also objects to this Request because it is overly broad, not properly limited in scope, and causes unreasonable annoyance, oppression, burden, and/or expense.  In addition, PAL objects to this Request because it fails to define "met" in the context of this**

Interrogatory.  **Subject to and without the waiver of the foregoing objections, PAL's board of directors met four times between January 2018 and January 2019.**

26.    State the number of times plaintiff attended PAL board of directors' meetings between January 2018 and January 2019.

**RESPONSE: Objection. PAL objects to this Interrogatory because it exceeds the maximum number of Interrogatories allowed under Fed. R. Civ. P. 33(a)(1).  PAL also objects to this Interrogatory because it seeks information that is not relevant to Plaintiff's claims and seeks information on time periods not at issue to this lawsuit.**

27.    State whether PAL has an endowment.

**RESPONSE: Objection.  PAL objects to this Interrogatory because it exceeds the maximum number of Interrogatories allowed under Fed. R. Civ. P. 33(a)(1).  PAL also objects to this Interrogatory because it seeks information that is not relevant to Plaintiff's claims nor likely to lead to the discovery of admissible evidence.**

28.    If your answer to the preceding interrogatory is in the affirmative, state the current value of the endowment.

**RESPONSE: Objection.  PAL objects to this Interrogatory because it exceeds the maximum number of Interrogatories allowed under Fed. R. Civ. P. 33(a)(1).  PAL also objects to this Interrogatory because it seeks information that is not relevant to Plaintiff's claims nor likely to lead to the discovery of admissible evidence.**

Respectfully submitted,

Kevin L. Golden
O'HAGAN MEYER
Three Logan
1717 Arch Street, Suite 3910
Phone: 215-461-3300
Fax: 215-461-3311
kgolden@ohaganmeyer.com
*Attorney for Defendant, Police Athletic League*

Dated:  October 30, 2023

## **VERIFICATION**

I, April Thomas-Jones, am the current Executive Director for Defendant Police Athletic League ("PAL"), a party to this action. I am authorized to make this verification for and on behalf of PAL, and I make this verification for that reason. The foregoing responses to Plaintiff's interrogatories were compiled by authorized representatives and counsel for PAL, and I rely on them for their completeness, truth and accuracy. On that ground I am informed and believe that the matters stated in the foregoing document(s) are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and information.

Dated:          10/6/2023                    _____
                                              April Thomas-Jones

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 30th day of October, 2023, I filed and served a true and correct copy of the foregoing Responses and Objections to Plaintiff's First Set of Interrogatories via electronic mail upon the following:

Isaac H. Green, Jr., Esquire
Mincey, Fitzpatrick & Ross, LLC
Two Penn Center
1500 JFK Boulevard, Suite 1525
Philadelphia, PA 19102
*Attorneys for Plaintiff, Evelyn Cintron*

Sharon Ulak, Esquire
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
*Attorney for Defendants City of Philadelphia and Joseph Sullivan*

 /s/ Kevin L. Golden
Kevin L. Golden
*Attorneys for Defendant Police Athletic League*