# EXHIBIT "V"



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

801 Market Street, Suite 1000
Philadelphia, PA 19107-3126
Free: (833) 827-2920
TTY: (215) 440-2606
FAX: (215) 440-2610
Website: www.eeoc.gov

02/14/2023

VIA: dfynes@ohaganmeyer.com
Darlene L Fynes
O'hagan Meyer
1717 Arch Street, Suite 3910
Suite 3910
Philadelphia, PA 19103

Re: FOIA No.: 530-2023-005345
Charge No.: 530-2019-02982[1]

Dear Ms. Fynes:

Your Freedom of Information Act (FOIA) request, received on 02/14/2023, is processed. Our search began on 02/14/2023. All agency records in creation as of 02/14/2023 are within the scope of EEOC's search for responsive records. The paragraph(s) checked below apply.

[  ]    Your request is granted.

[ X ]    Your request is denied pursuant to the subsections of the FOIA indicated at the end of this letter. An attachment to this letter explains the use of these exemptions in more detail.

[  ]    Your request is procedurally denied as [  ] it does not reasonably describe the records you wish disclosed, or [  ] no records fitting the description of the records you seek disclosed exist or could be located after a thorough search, or [  ] the responsive records are already publicly available. See the Comments page for further explanation.

[  ]    Your request is granted in part and denied in part. Portions not released are withheld pursuant to the subsections of the FOIA indicated at the end of this letter. An attachment to this letter explains the use of these exemptions in more detail.

[  ]    Your request is closed for administrative reasons. An attachment to this letter further explains this closure.

[  ]    A fee of $ 0 is charged. Charges for manual search and review services are assessed according to the personnel category of the person conducting the search a. Fees for search services range from $5.00 per quarter hour to $20.00 per quarter hour. Direct cost is charged for computer search and in certain other circumstances. Photocopying is .15 per page. 29 C.F.R. §1610.15. The attached Comments page further explains the direct costs assessed. The fee(s) charged is computed as follows:

    [  ]    Commercial use request: [  ] pages of photocopying; [  ] quarter hour(s) of [  ] review time; and [  ] quarter hour(s) of [  ] search time. Direct costs are billed in the amount of [  ] for [  ];

    [  ]    Educational or noncommercial scientific institution or a representative of the news media request: [  ] pages of photocopying. The first 100 pages are provided free of charge; and

---

[1] The EEOC can neither confirm nor deny the existence of a charge of discrimination having this charge number.

FOIA No.: 530-2023-005345

[ ]    All other requests: [ ] pages of photocopying and [ ] quarter hour(s) of search time. Direct costs are billed in the amount of [ ] for [ ]. The first 100 pages and the first two hours of search time are provided free of charge.

Please submit payment of $ 0 by either:

(1)    Credit card at **pay.gov.** Visa, MasterCard, American Express and Discover credit cards are accepted. Debit cards bearing the Visa or MasterCard logo are also accepted. We will finish processing your request after EEOC receives a copy of your pay.gov credit or debit card receipt or

(2)    Check, payable to the United States Treasurer, to the address above.

[ ]    The disclosed records are enclosed. No fee is charged because the cost of collecting and processing the chargeable fee equals or exceeds the amount of the fee. 29 C.F.R. § 1610.15(d).

[ ]    The disclosed records are enclosed. Photocopying and search fees have been waived pursuant to 29 C.F.R. § 1610.14.

[ ]    I trust that the furnished information fully satisfies your request. If you need any further assistance or would like to discuss any aspect of your request, please do not hesitate to contact the FOIA Professional who processed your request or our FOIA Public Liaison (see contact information in above letterhead or under signature line).

[X]    You may contact the EEOC FOIA Public Liaison Michael L. Heise for further assistance or to discuss any aspect of your request. In addition, you may contact the Office of Government Information Services (OGIS) to inquire about the FOIA mediation services they offer.

The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email at ogis@nara.gov; telephone at (202) 741-5770; toll free 1-877-684-6448; or facsimile at (202) 741-5769.

The contact information for the FOIA Public Liaison is as follows: Michael L. Heise, EEOC FOIA Public Liaison, Office of Legal Counsel, FOIA Division, Equal Employment Opportunity Commission, 131 M. Street, N.E., Fifth Floor, Washington, D.C. 20507, email to FOIA@eeoc.gov, telephone at (202) 921-2542; or fax at (202) 653-6034.

[X]    If you are not satisfied with the response to this request, you may administratively appeal in writing. Your appeal must be postmarked or electronically transmitted in 90 days from receipt of this letter to the Office of Legal Counsel, FOIA Division, Equal Employment Opportunity Commission, 131 M Street, NE, 5NW02E, Washington, D.C. 20507, email to FOIA@eeoc.gov; online at https://eeoc.arkcase.com/foia/portal/login, or fax at (202) 653-6034. Your appeal will be governed by 29 C.F.R. § 1610.11.

[ X ]    See the attached Comments page for further information.

Sincerely,
Bridget Lange for

_____
Jamie R. Williamson
District Director
philfoia@eeoc.gov

FOIA No.: 530-2023-005345

Applicable Sections of the Freedom of Information Act, 5 U.S.C. § 552(b):

**Exemption(s) Used:**

[ X ]  (b)(3)(A)(i)                                          [ ]  (b)(6)
      [ X ]  § 706(b)                           [ ]  (b)(7)(A)
      [ X ]  § 709(e)                            [ ]  (b)(7)(C)
      [ X ]  § 107 of the ADA              [ ]  (b)(7)(D)
      [ X ]  § 207 of the GINA            [ ]  (b)(7)(E)
[ ]  (b)(4)                                                     [ ]  (b)(7)(F)
[ ]  (b)(5)


**(b)(3)(A)(i) Section 107 of the ADA**

Exemption (b)(3)(A)(i) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(3)(A)(i) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, states that disclosure is not required for a matter specifically exempted from disclosure by statute . . . if that statute\n\nA(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue;\n\nSection 107 of the Americans with Disabilities Act (ADA) and § 207 of the Genetic Information Nondiscrimination Act (GINA) adopt the procedures of Sections 706 and 709 of Title VII.\n\nSee Equal Employment Opportunity Commission v. Associated Dry Goods Co., 449 U.S. 590 (1981); Frito-Lay v. EEOC, 964 F. Supp. 236, 239-43 (W.D. Ky. 1997); American Centennial Insurance Co. v. United States Equal Employment Opportunity Commission, 722 F. Supp. 180 (D.N.J. 1989); and EEOC v. City of Milwaukee, 54 F. Supp. 2d 885, 893 (E.D. Wis. 1999).

--------------------------------------------------------------------------------------------------------------

**(b)(3)(A)(i) Section 207 of the GINA**

Exemption (b)(3)(A)(i) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(3)(A)(i) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, states that disclosure is not required for a matter specifically exempted from disclosure by statute . . . if that statute\n\nA(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue;\n\nSection 107 of the Americans with Disabilities Act (ADA) and § 207 of the Genetic Information Nondiscrimination Act (GINA) adopt the procedures of Sections 706 and 709 of Title VII.\n\nSee Equal Employment Opportunity Commission v. Associated Dry Goods Co., 449 U.S. 590 (1981); Frito-Lay v. EEOC, 964 F. Supp. 236, 239-43 (W.D. Ky. 1997); American Centennial Insurance Co. v. United States Equal Employment Opportunity Commission, 722 F. Supp. 180 (D.N.J. 1989); and EEOC v. City of Milwaukee, 54 F. Supp. 2d 885, 893 (E.D. Wis. 1999).

--------------------------------------------------------------------------------------------------------------

**(b)(3)(A)(i) Sections 706(b)**

Exemption (b)(3)(A)(i) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(3)(A)(i) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, states that disclosure is not required for a matter specifically exempted from disclosure by statute . . . if that statute\n\nA(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue;\n\nSections 706(b) and 709(e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(b), 2000e-

FOIA No.: 530-2023-005345

8(e)(2007), are part of such a statute.  Section 706(b) provides that:\n\nCharges shall not be made public by the Commission .. . . .  Nothing said or done during and as a part of [the Commission's informal endeavors at resolving charges of discrimination] may be made public . . . .

---------------------------------------------------------------------------------------------------------------------

**(b)(3)(A)(i) Sections 709(e)**

Exemption (b)(3)(A)(i) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(3)(A)(i) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, states that disclosure is not required for a matter specifically exempted from disclosure by statute . . . if that statute\n\n(A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue;\n\nSection 709(e) of Title VII provides:\n\nIt shall be unlawful for any officer of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section [to investigate charges of discrimination and to require employers to maintain and submit records] prior to the institution of any proceeding under this title involving such information.

---------------------------------------------------------------------------------------------------------------------

For a full description of the exemption codes used please find them at the following URL:
https://www.eeoc.gov/foia/freedom-information-act-reference-guide

## **COMMENTS**:

The confidentiality provisions of the Title VII of the Civil Rights Act, the Americans with Disabilities Act, and the Genetic Information Nondiscrimination Act, prohibit the EEOC from confirming or denying the existence of a charge(s) to a third party of the charge.  The Third Exemption to the FOIA exempts this information from Disclosure. The requestor is not a party to a charge of discrimination described.



Kevin L. Golden, Esq.
215-461-3300  Office
215-461-3323  Direct
215-461-3311    Fax
kgolden@ohaganmeyer.com

February 14, 2023

**VIA ONLINE PORTAL and EMAIL:** FOIA@eeoc.gov

Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127

> **Re:** ***Evelyn Cintron v. City of Philadelphia, The Philadelphia Police Athletic League and Joseph Sullivan***
> **USDC EDPA - No. 19-cv-04078**
> **EEOC #530-2019-02982**

Dear Sir or Madam:

This office represents Defendant, The Philadelphia Police Athletic League, in a federal court lawsuit captioned *Evelyn Cintron v. City of Philadelphia, the Philadelphia Police Athletic League and Joseph Sullivan*, United States District Court for the Eastern District of Pennsylvania, No.: 2:19-cv-04078-RBS.

Pursuant to the Freedom of Information Act, 5 U.S.C. § 522, we are seeking your complete file regarding Ms. Cintron's Charge of Discrimination against Defendant. Accordingly, we request that the U.S. Equal Employment Opportunity Commission please forward to my attention any and all documents related to the charges filed against our client by Evelyn Cintron, Charge No. 530-2019-02982, including but not limited to the following:

> **Access to and copies of all of the contents of your investigative files concerning Evelyn Cintron's claims against the Defendants, including but not limited to all charges of discrimination and amended charges of discrimination, notices of charges, telephone logs (including, but not limited to, telephone logs of all calls made to or by or on behalf of Evelyn Cintron and the content of those telephone conversations), affidavits of any and all parties and witnesses, intake questionnaires, referral letters, position statements, responses to information and document requests, statements concerning referral agency action or non-**

3 Logan Square | 1717 Arch Street  | Suite 3910  | Philadelphia |  PA  | 19103
Forrestal Village  | 116 Village Boulevard  | Suite 200  | Princeton | NJ | 08540
www.ohaganmeyer.com
Chicago • Charlotte • Boston • Los Angeles • Orange County, CA • San Francisco • Washington D.C. •
Philadelphia • Princeton, NJ • Wilmington, DE • Richmond, VA • Alexandria, VA

**action, EEOC reports or decisions, and all other documents contained within your complete file.**

**In the above request, the word "documents" means information regardless of physical form or characteristics. Documents can be on paper, stored or maintained electronically, information data-processed or image-processed.**

Please provide the above-requested information at your earliest opportunity. If you deny any or all of this request, please cite each specific exemption you believe justifies the refusal to release the information. Thank you in advance for your attention to this matter.

We will assume financial responsibility for all necessary charges, including the costs of the search and duplication of the files. However, we ask that you notify us if the anticipated costs of doing so will be greater than Two Hundred Dollars ($200.00).

Thank you kindly for your consideration of this request.

Very truly yours,

Kevin L. Golden, Esq.

2

19-4078

CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Evelyn Cintron

**DEFENDANTS**
City of Philadelphia et al.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Isaac H. Green, Esquire Mincey Fitzpatrick Ross LLC
1500 JFK Blvd, Suite 1525, Philadelphia, PA 19102

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
       Plaintiff

☒ 3  Federal Question
       *(U.S. Government Not a Party)*

☐ 2  U.S. Government
       Defendant

☐ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation -
     Transfer

☐ 8 Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Sec. 2000e Et Seq
Brief description of cause:
This is action is brought due to the defendants violation of title 7.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $ IN excess
of $150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
NONE
JUDGE _____    DOCKET NUMBER _____

DATE    September 6, 2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

Cintron/FIOA_007

*19-4078*

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 9674 Sandanne Road, Philadelphia, PA 19115 _____

Address of Defendant: _____ 1515 Arch Street, Philadelphia, PA 19103 _____

Place of Accident, Incident or Transaction: _____ Eighth and Race Streets, Philadelphia, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ None _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____ September 6, 2019 _____    _____    _____ 36059 _____
                                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
      *(Please specify):* _____

**B.    *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Isaac H. Green, Esquire _____, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____ September 6, 2019 _____    _____    _____ 36059 _____
                                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

RBS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Evelyn Cintron                                    CIVIL ACTION
:
v.                    :
:
City Of Philadelphia            NO. 19-4078
et al

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                           ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                              ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

September 10, 2019   Isaac Green, Esquire
_____  _____   _____
Date                 Attorney-at-law               Attorney for Plaintiff

267·625·9189         215·587·0028                  Jhegreenlubegmail.com
_____  _____   _____
Telephone            FAX Number                    E-Mail Address

(Civ. 660) 10/02

Cintron/FIOA_009

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EVELYN CINTRON** | : | |
| 967 Sandanne Road | : | JURY TRIAL DEMANDED |
| Philadelphia, PA 19115 | : | |
| Plaintiff, | : | CIVIL ACTION NO: _/8 - 4078_ |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA**, a Municipal | : | |
| Corporation having principal offices | : | |
| located at its | : | |
| Law Department | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA 19102 | : | |
| | : | |
| and | : | |
| | : | |
| **THE PHILADELPHIA POLICE** | : | |
| **ATHLETIC LEAGUE**, a 501(c)(3) | : | |
| non-profit business entity doing | : | |
| in the City and County of Philadelphia, | : | |
| Commonwealth of Pennsylvania, | : | |
| having a main office in Philadelphia at | : | |
| 3068 Belgrade Avenue | : | |
| Philadelphia, PA 19134 | : | |
| | : | |
| and | : | |
| | : | |
| **JOSEPH SULLIVAN**, individually and | : | |
| in his official capacity as | : | |
| Deputy Police Commissioner | : | |
| 750 Race Street | : | |
| Philadelphia, PA 19106 | : | |
| Defendants | : | |

## **COMPLAINT**

### **JURISDICTION and VENUE**

1.    Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e, as amended by §1981a (hereinafter, "Title VII"), 42 U. S. C. §1983, and

1

§1988.  Jurisdiction is invoked pursuant to 28 U.S.C. §1331 and §1343.  The

Court's Pendent jurisdiction is invoked pursuant to 28 USC §1367(a).

2.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) inasmuch

as Plaintiffs' causes of action arose in the Eastern District of Pennsylvania, and

all the Defendants are found in the Eastern District of Pennsylvania.

**THE PARTIES**

3.    Plaintiff **EVELYN CINTRON** is an adult, Hispanic female individual presently

aged 52 years old and a citizen of the Commonwealth of Pennsylvania residing

at 9674 Sandanne Road, Philadelphia, PA 19116.

4.    Defendant **CITY OF PHILADELPHIA** is (hereinafter "CITY") is a Municipal

Corporation located in the Commonwealth of Pennsylvania, defined as a City of

the First Class under the laws of the Commonwealth of Pennsylvania, and having

principal offices at its Law Department, located at 1515 Arch Street, 14th Floor,

Philadelphia, PA 19102.  Defendant CITY owns, operates, manages and directs

the Philadelphia Police Department (hereinafter "Police Department") as a

Department of the City of Philadelphia which, in turn, employs the below-

described Defendant.  The Police Department has principal offices at the Police

Administration Building, 750 Race Street, Philadelphia, PA 19106.

5.    Defendant **POLICE ATHLETIC LEAGUE** (hereinafter "PAL"), is a 501(c)(3) non-

profit organization doing business in the City and County of Philadelphia,

Pennsylvania, having a main office located at 3068 Belgrade Avenue,

Philadelphia, PA 19134.

6.    Although Defendant **PAL** is an independently organized non-profit organization, it

2

Cintron/FIOA_011

functions as a unit and part of Defendant CITY's Philadelphia Police Department.

7.      Defendant **JOSEPH SULLIVAN** (hereinafter "SULLIVAN") is an adult white male, and is an employee, servant, workman and/or agent of Defendant CITY and its Police Department as well as an employee, servant, workman and/or agent of Defendant PAL, having a principal office located at Police Administration Building, 750 Race Street, Philadelphia, PA 19106.  At all times relevant hereto, Defendant SULLIVAN was employed by said Defendants CITY and PAL in a Supervisory Capacity as a Deputy Police Commissioner and, as such, was a policymaker for both Defendant CITY and its Police Department and Defendant PAL.  Defendant SULLIVAN is being sued individually and in his official capacity as a Deputy Police Commissioner of said Police Department and PAL Supervisor.

8.      At all times material hereto, Defendants CITY and its Police Department and Defendant PAL acted or failed to act through its authorized agents, servants, workmen and employees including, but not limited to, Defendant Sullivan, who was at all times then and there acting within the course and scope of his dual employment with both Defendants.  Specifically, the Defendant CITY and PAL, as a matter of custom, policy and/or practice intentionally and deliberately failed to adequately train, supervise, discipline, or otherwise direct Defendant Sullivan concerning race and national origin discrimination and retaliation, thereby causing the individual Defendant in this case to engage in the unlawful and illegal conduct described herein.

9.      At all times material hereto, Defendant Sullivan was acting in the course and

3

scope of his agency and/or employment with and on behalf of and/or under the management, control and/or direction of both Defendant CITY and its Police Department and Defendant PAL, and his acts and failures to act were the acts and failures to act of both Defendant CITY and Defendant PAL.

10.   At all times relevant hereto, Defendant CITY and its Police Department and Defendant PAL co-employed Defendant SULLIVAN and were, therefor co-employers.

11.   At all times material hereto, the individual Defendant was acting intentionally, maliciously, and in reckless disregard of the Plaintiff's right to be free from race and national origin discrimination and retaliation.

## ADMINISTRATIVE PROCEDURES

12.   Plaintiff filed charges of sex and national origin discrimination and retaliation against the Defendants with the District Office of the Equal Employment Opportunity Commission, Charge No. 530-2019-02982, on 22 May 2019.

13.   Plaintiff also received a Notice of Right to Sue Within 90 Days from the U. S. Department of Justice dated 10 June 2019.  A copy of the Notice of Right to Sue" is attached and marked as Exhibit "A".

## BACKGROUND ALLEGATIONS

14.   In June 2015, Plaintiff Cintron was selected by Defendant CITY's Police Commissioner, Richard Ross, to be the Commanding Officer of the Philadelphia Police Athletic League ("PAL"); at all times relevant hereto, she served at the rank of Lieutenant and was the first Latina female to serve at that rank.

4

Cintron/FIOA_013

15.    Defendant PAL is a collaborative effort between the Philadelphia Police
Department and Defendant PAL, the non-profit organization; its leadership
consists predominately of white males, including Defendant Sullivan, who are
simultaneously members of Defendant CITY's Philadelphia Police Department
and Defendant PAL.

16.    In March 2018, D/C Patterson, an employee, workman and agent of both
Defendants CITY and PAL, assigned Plaintiff Cintron a new supervisor,
Defendant Joseph Sullivan, a newly-appointed D/C, and directed her to report to
D/C Sullivan thereafter.

## OPERATIVE ALLEGATIONS

17.    In June 2015, Plaintiff Cintron was selected by Defendant CITY's Police
Commissioner, Richard Ross, to be the Commanding Officer of the Philadelphia
PAL; at all times relevant hereto, she served at the rank of Lieutenant and was
the first Latina female to serve at that rank.

18.    Initially, Plaintiff Cintron was directed to report to Deputy Commissioner ("D/C")
Myron Patterson on day-to-day matters that he could handle and on other
important matters.

19.    Plaintiff Cintron's duties consisted of managing both the policing unit and
Defendant CITY's police personnel while managing the day-to-day operations of
Defendant PAL.

20.    In March 2018, D/C Patterson assigned Plaintiff Cintron a new supervisor,
Defendant Joseph Sullivan, a newly-appointed D/C, and directed her to report to
D/C Sullivan thereafter.

5

Cintron/FIOA_014

21. During her tenure at Defendant PAL, Plaintiff Cintron objected to and reported to Defendant Sullivan numerous disparities in funding between those PAL centers that serviced primarily Black and Hispanic constituents (the young people who used PAL facilities and programs) and those that serviced the white communities, and noticed that the PAL centers for the latter received the most funding.

22. Plaintiff Cintron also reported to Defendant Sullivan numerous violations of departmental policies and the lack of supervision of subordinate staff.

23. Plaintiff Cintron also reported to Defendant Sullivan that local, state and federal laws were being violated regarding the unfair treatment of minority personnel, including, but not limited to, the disparity in distribution of overtime hours between minority and white personnel.

24. Generally, Plaintiff Cintron advocated to Defendants Sullivan, City and PAL for and on behalf of minority constituents, but her efforts were not heeded or addressed.

25. More specifically, Plaintiff Cintron complained, *inter alia*, about unsafe conditions in the Wissinoming PAL center and other centers that served predominantly minority youth.

26. She also complained about the disparity in the quality and quantity of charitable gifts, such as tickets to sports events provided to PAL centers by outside sources, to be distributed among PAL youth members and the PAL unit police officers.

27. In fact, D/C Sullivan once directed resources that might have been used with

6

respect to minority and disadvantaged PAL centers to an Irish non-profit PAL
center for which he personally advocated.

28.    Plaintiff Cintron also reported to D/C Patterson, and therefore Defendants CITY
and PAL, discriminatory conduct by Defendant Sullivan himself.

29.    However, when Plaintiff Cintron reported D/C Sullivan's discriminatory conduct to
D/C Patterson, who was generally supportive of her efforts advocating against
discriminatory, D/C Patterson advised her to return to D/C Sullivan and deal with
him; no remedial action was taken, although D/C Patterson continued to support
Plaintiff's efforts.

30.    Plaintiff Cintron orally complained to Defendant CITY's office of Equal
Employment Opportunity about the discriminatory practices she had observed.

31.    In response to efforts the Plaintiff's efforts to advocate on behalf of minority
constituents and her having complained to D/C Patterson about D/C Sullivan's
discriminatory conduct, D/C Sullivan ordered the Plaintiff never to go to D/C
Patterson or Commissioner Ross with complaints, leaving the Plaintiff with no
avenue to report his misconduct to his superiors.

32.    In further response to efforts to advocate on behalf of minority constituents and
her having complained to D/C Patterson about his discriminatory conduct, D/C
Sullivan leveled false accusations about her work performance and disparaged
and besmirched her reputation to third parties.

33.    In still further response to the Plaintiff's efforts and complaints as described
herein, D/C Sullivan urged and convinced other members of Defendant PAL's
leadership to isolate her, exclude her from meetings and to treat her with general

Cintron/FIOA_016

hostility.

34.    Having been denied any avenue to report his misconduct to his superiors, the

Plaintiff found her work conditions stressful and the work environment hostile and

harmful.

35.    As a direct and proximate result of the stressful and hostile work conditions

imposed on her by Defendant Sullivan, the Plaintiff experienced panic attacks

and such severe insomnia that she had to seek medical attention on several

occasions to address it.

36.    Plaintiff Cintron was diagnosed with Post Traumatic Stress Disorder and acute

depression caused by work-related stress, and was prescribed medication.

37.    As a direct and proximate result of the stressful and hostile work conditions

imposed on her by Defendant Sullivan, the Plaintiff was forced to take family

medical leave from her job.

38.    Furthermore, the Plaintiff had to seek long term psychiatric care and counseling.

39.    The impact of the stressful and hostile work environment caused her by D/C

Sullivan was so severe that the Plaintiff's doctor could not clear her for a return to

work, and she was forced to retire after over twenty seven (27) years of service

to Defendant CITY, twenty (20) years of which service was given to the

Philadelphia Police Department.

40.    The Plaintiff believes, and therefore avers, that she was subjected to the within-

described hostile and discriminatory conduct because she is female and a Latina,

the first female Latina to achieve the rank of Lieutenant with the Philadelphia

Police Department.

8

## FEDERAL CLAIMS

### COUNT I:  PLAINTIFF CINTRON -v- DEFENDANTS CITY OF PHILADELPHIA and POLICE ATHLETIC LEAGUE
### (Violation to Title VII, 42 USC §2000e-2(a)(1)

1.     The allegations in all preceding paragraphs are incorporated and made part of this paragraph as if fully set forth here.

2.     The acts and/or failures to act of Defendant SULLIVAN, which were the acts and failures to act of Defendants CITY and PAL, discriminated against the Plaintiff in the terms and conditions of her employment and denied her of rights and/or protections secured to her by the Equal Protection Clause of the Fourteenth Amendment.

3.     The acts and failures to act of Defendant SULLIVAN, which were the acts and failures to act of Defendants CITY and PAL, discriminated against the Plaintiff on the basis of her sex and her national origin, and constituted an unlawful employment practice in violation of 42 U. S. C. 2000e-1.

   *WHEREFORE*, the Plaintiff demands judgment against Defendants CITY and PAL, individually and/or jointly, in a sum in excess of One Hundred Thousand Dollars ($100,000.00), and for reasonable attorneys fees pursuant to 42 USC §1988(b).

### COUNT II:  PLAINTIFF CINTRON -v- DEFENDANT CITY OF PHILADELPHIA and POLICE ATHLETIC LEAGUE
### (Violation to Title VII, 42 §USC 2000e-2(a)(2)

4.     The allegations in all preceding paragraphs are incorporated and made part of this paragraph as if fully set forth here.

5.     The acts and/or failures to act of  of Defendant SULLIVAN, which were the acts and failures to act of Defendants CITY and PAL, discriminated against the

Cintron/FIOA_018

Plaintiff by serving to limit, segregate and classify her in a way which deprived her of employment opportunities and adversely affected her status as an employee because of her sex and national origin.

6.  The acts and failures to act of Defendant SULLIVAN, which were the acts and failures to act of Defendants CITY and PAL, discriminated against the Plaintiff on the basis of her sex and national origin and constituted an unlawful employment practice in violation of 42 U. S. C. 2000e-2(a)(2).

   **WHEREFORE**, the Plaintiff demands judgment against Defendants CITY and PAL, individually and/or jointly, in a sum in excess of One Hundred Thousand Dollars ($100,000.00), and for reasonable attorneys fees pursuant to 42 USC §1988(b).

### COUNT III:  PLAINTIFF CINTRON -v- DEFENDANT CITY OF PHILADELPHIA and POLICE ATHLETIC LEAGUE
### (VIOLATION OF TITLE VII, 42 U. S. C. §2000(e)-3(a))

7.  The Allegations contained in all preceding Paragraphs are here incorporated and included by reference as if fully set forth here.

8.  The acts and failures to act of Defendant SULLIVAN, as described herein, retaliated against the Plaintiff for complaining, *inter alia*, about race discrimination in the treatment of PAL centers and complaining about D/C Sullivan's discriminatory acts to his superior officer, D/C Patterson.

9.  The acts and failures to act of Defendant SULLIVAN, which were the acts and failures to act of Defendants CITY and PAL, constituted an unlawful employment practice proscribed by 42 U. S. C. §2000e-3(a).

10. As a result of Defendant SULLIVAN's actions, and therefore Defendant CITY's and Defendant PAL's actions, the Plaintiff has and may be impaired in her

10

employment opportunities, and has suffered loss of income, loss of professional

stature, mental anguish, embarrassment, humiliation, and loss of self-esteem in

violation of 42 U. S. C. §2000(e)-3(a).

**WHEREFORE**, the Plaintiff prays for Judgment against Defendants CITY and

PAL, individually and/or jointly, for damages in excess of One Hundred Thousand

Dollars ($100,000.00), and for reasonable attorneys fees pursuant to 42 USC §1988(b).

### Count IV:  PLAINTIFF CINTRON -v- DEFENDANTS CITY OF PHILADELPHIA, POLICE ATHLETIC LEAGUE and SULLIVAN
### (Violation of 42 U. S. C. §1983, 1st and 14th Amendments)

11.    The Allegations contained in all preceding Paragraphs are here incorporated and

included by reference as if fully set forth here.

12.    Defendants CITY and PAL each acted under color of law, and with deliberate

indifference to the Plaintiff's rights to be free from retaliatory conduct by

Defendant SULLIVAN, by failing to adequately train, supervise and instruct

Defendant SULLIVAN in the illegality and impropriety of retaliating against

employees for reporting incidents of race and employment discrimination.

13.    Defendant SULLIVAN is liable, individually and professionally, for his retaliatory

acts and failures to act as described herein.

14.    Defendant CITY is strictly liable for the acts and failures to act of Defendant

SULLIVAN, as described.

15.    Defendant PAL is strictly liable for the acts and failures to act of Defendant

SULLIVAN, as described.

16.    As a result of said failure to train, supervise and instruct Defendant SULLIVAN,

who then retaliated against the Plaintiff as described herein, the Plaintiff was

11

deprived of her rights under the First and Fourteenth Amendments to the United

States Constitution.

17. As a result of the Defendants' actions, the Plaintiff has and may be impaired in

her employment opportunities, and has suffered loss of income, loss of

professional stature, mental anguish, embarrassment, humiliation, and loss of

self-esteem in violation of 42 U. S. C. §1983.

**WHEREFORE**, the Plaintiff prays for Judgment against the Defendants, individually and/or jointly, for damages in excess of One Hundred Thousand Dollars ($100,000.00), and for reasonable attorneys fees pursuant to 42 USC §1988(b).

## <u>STATE LAW CLAIMS:   JURY TRIAL DEMANDED</u>

### COUNT V:   PLAINTIFF CINTRON -v- DEFENDANT CITY OF PHILADELPHIA and POLICE ATHLETIC LEAGUE
### (Violation of  42 Pa. C. S. §955(a))

18. The allegations in all preceding paragraphs are incorporated and made part of

this paragraph as if fully set forth here.

19. The Plaintiff was the best able and most competent to perform her services as a

Lieutenant of Police for Defendant CITY and for Defendant PAL, which services

she had performed for many years.

20. The acts and failures to act of Defendant SULLIVAN, which were the acts and

failures to act of Defendants CITY and PAL, tended to discriminate against the

Plaintiff with respect to compensation, hire, tenure, terms, conditions or privileges

of her employment on the basis of her sex and national origin.

21. The acts and failures to act of Defendant SULLIVAN, which were the acts and

failures to act of Defendant CITY and PAL, constituted an unfair employment

practice proscribed by 42 Pa. C. S. §955(a).

12

**WHEREFORE**, the Plaintiff demands judgment against Defendants CITY and

PAL, individually and/or jointly, in a sum in excess of One Hundred Thousand Dollars

($100,000.00), and for costs and reasonable attorneys fees as allowed by law.

### COUNT VI:  PLAINTIFF CINTRON -v- DEFENDANTS CITY OF PHILADELPHIA, POLICE ATHLETIC LEAGUE and SULLIVAN
### 43 Pa. C. S.  §955(d)

22.     The averments set forth in all preceding paragraphs are here incorporated here

as if fully set forth here.

23.     43 Pa. C. S. §955(d) proscribes any person or employer from discriminating in

any manner against any individual because such individual has opposed any

practice forbidden by this act, or because such individual has made a charge,

testified or assisted, in any manner, in any investigation, proceeding or hearing

under this act.

24.     The Defendants, individually and jointly, intentionally and wilfully  discriminated

and retaliated against the Plaintiff because she opposed discriminatory practices

forbidden by 43 Pa. C. S. §955, all in violation of 43 Pa. C. S. §955(d).

25.     As a result of the conduct of the Defendants, individually and/or jointly, the

Plaintiff has suffered a loss of employment and income, loss of professional

stature, mental anguish, embarrassment, humiliation, and loss of self-esteem.

**WHEREFORE**, the Plaintiff prays for Judgment against the Defendants,

individually and/or jointly, for damages in excess of One Hundred Thousand Dollars

($100,000.00), and for costs and reasonable attorneys fees as allowed by law.

Respectfully submitted,

13

Cintron/FIOA_022

Isaac H. Green, Jr., Esquire
Attorney for Plaintiff Cintron

14

Cintron/FIOA_023

EEOC Form 161 (11/16)

## U.S. Equal Employment Opportunity Commission

## Dismissal and Notice of Rights

| | |
|---|---|
| To: **Evelyn Cintron**<br>**9674 Sandanne Road**<br>**Philadelphia, PA 19115** | From: **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1300**<br>**Philadelphia, PA 19107** |

| | On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2019-02982** | **Legal Unit,**<br>**Legal Technician** | **(215) 440-2828** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

EXHIBIT
A

*Jamie R. Williamson* (signature)                                    06/10/19

**Jamie R. Williamson,**
**District Director**                                                   *(Date Mailed)*

Cc:

| | |
|---|---|
| Linda Busillo, Sr. Legal Assistant Supervisor<br>CITY OF PHILADELPHIA<br>Law Department<br>1515 Arch Street, 16th floor<br>Philadelphia, PA 19102 | Isaac H. Green, Esq.<br>MINCEY FITZPATRICK ROSS, LLC<br>Two Penn Center<br>1500 Jfk Boulevard, Suite 1525<br>Philadelphia, PA 19102 |

Cintron/FIOA_024



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

801 Market Street, Suite 1000
Philadelphia, PA 19107-3126
Free: (877)-869-1802
TTY (215) 440-2606
FAX (215) 440-2610
Website: www.eeoc.gov

02/14/2023

Dear  Darlene  Fynes,

Your request has been delivered to the U.S. Equal Employment Opportunity Commission.  The request has been assigned tracking # 530-2023-005345, please log into your account and review your submission.

The application address is  https://eeoc.arkcase.com/foia/portal/

Thank you,

U.S. Equal Employment Opportunity Commission

*Notice of Confidentiality:  The information contained in this transmission may contain privileged and confidential information, including information protected by federal and state privacy laws.  It is intended only for the use of the person(s) named above.  If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful.  If you are not the intended recipient, please contact us at foia@eeoc.gov   and destroy all copies of the original message and attachments.*

Cintron/FIOA_025