IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EVELYN CINTRON,

        Plaintiff,

v.

CITY OF PHILADELPHIA, et al,

        Defendants.

Case No. 19-04078-RBS

**REPLY MEMORANDUM OF LAW OF
DEFENDANT THE POLICE ATHLETIC LEAGUE
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Plaintiff Evelyn Cintron ("Cintron") comes before the Court in opposition (the "Opposition") to the Motion for Summary Judgement (the "Motion") by Defendant Police Athletic League ("PAL") claiming that genuine issues of fact preclude relief under the Motion. However, the issues cited by Cintron are either not material or are not in genuine dispute. Instead, as she has done since the onset of this lawsuit, Cintron offers speculation, her own self-serving deposition testimony, or pure argument – none of which create a genuine issue of material fact.

In short, Cintron's Opposition fails for the following reasons:

- Her opening argument relies not on the applicable standard for summary judgment but, rather, the standard the Court employed on a motion to dismiss;

- Cintron does not dispute that PAL did not receive the underlying charge of discrimination and ignores the applicable case law on the facts before the Court;

- Cintron offers no rebuttal at all – either in law or in fact – to PAL's argument that she had no employment relationship with PAL;

- Cintron's attempt to muddy the record with a PAL tax return ignores the applicable case law (the return is not relevant) and misquotes the return in an attempt to support her claims; and

- Cintron argues about the alleged environment that Ted Qualli (PAL's then Executive Director) ("Qualli") created towards her while ignoring her own words about Qualli, which make plain that Qualli's actions – even if true – had nothing to do with Cintron's gender or national origin.

Specifically, Cintron attributes her disagreements with Qualli to "a systematic lack of respect for the chain of command *which began with the previous commanders*"[1] and that Qualli "*had the same problems with the last two Commanders with me being the third*, [and] this speaks for itself."[2] But, as Cintron herself testified, PAL's prior Commanding Officer was a white male. *See* **Exhibit A** [**ECF 79-2**], Cintron Dep. Vol. 1, 120:5-7; *see also* **Exhibit A** [**ECF 79-2**], Cintron Dep. Vol. 1, 121:15-20. In sum, Cintron has provided no material facts or arguments that would preclude summary judgment in PAL's favor (and, if anything, has highlighted the weaknesses of her claims against it). Accordingly, it is appropriate to grant the relief sought by the Motion.

## II. ARGUMENT

### A. Standard of Review

To survive a summary judgment motion, the non-moving party must come forward with specific, admissible, and credible evidence supporting each element essential to that party's case; conclusory allegations or denials are not enough. *Schoch v. First Fidelity Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985). Accordingly, in order to avoid summary judgment, a plaintiff "must identify evidence of record sufficient to

---

[1] *See* **ECF 82-8**, page 3 of 6, at ¶ 1 (emphasis added).
[2] *See* **ECF 82-8**, page 6 of 6, at ¶ 4 (emphasis added).

establish every element essential to the claim." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1308 (3d Cir. 1995). A plaintiff's beliefs, suspicions, and speculations are not such record evidence, and a material fact dispute cannot be created out of thin air. *Lexington Ins. Co. v. W. Pa. Hosp.*, 423 F.3d 318, 332-33 (3d Cir. 2005) (conjecture and speculation may not defeat a motion for summary judgment); *see also Albright v. Trs. of the Univ. of Penn.*, No. 19-00149, 2019 U.S. Dist. LEXIS 180654, at *10 (E.D. Pa. Oct. 18, 2019) (quoting *Robertson v. Allied Signal, Inc.*, 914. F.2d 360, 382 n.12 (3d Cir. 1990) ("An inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment").

**B.    Cintron Offers No Evidence to Dispute the Fact that PAL Did Not Receive Notice of her EEOC Charge.**

In the Opposition, Cintron claims that PAL's failure to exhaust claim is "fatally flawed." Cintron's arguments in this regard are that (1) she listed PAL and its address in the Charge and (2) it was not her fault if PAL did not receive the Charge (implicitly acknowledging the undisputed facts[3]). But these arguments are not supported by the law and do not support Cintron's position. *See McLaughlin v. Rose Tree Media Sch. Dist.*, 1 F. Supp. 2d 476, 482 (E.D. Pa. 1998) (where an individual supervisor is named in the body of the charge and put on notice, then claim will not be dismissed); *Timmons v. Lutheran Children & Family Serv.*, No. 93-4201, 1993 U.S. Dist. LEXIS 18011, at *12 (E.D. Pa. Dec. 17, 1993) (where a party was not named but was discussed in the charge, and notice could be inferred, it was appropriate to deny motion to dismiss). And in fact, there is caselaw, cited by PAL under these very circumstances, where the

---

[3] It is undisputed that PAL did not receive a copy of the Charge. *See* **Exhibit S** [**ECF 79-20**], page 2 of 2, ¶ 5. It is likewise undisputed that the EEOC did not consider PAL a party to the administrative charge. *See* **Exhibit U** [**ECF 79-22**], page 2 of 2 (PAL not listed), **Exhibit V** [**ECF 79-23**], page 5 of 26 ("The requestor is not a party to a charge of discrimination described").

Court concluded that the claims at issue could not proceed. *See Najmola v. Women's Healthcare Group of Pa.*, No. 13-6519, 2014 U.S. Dist. LEXIS 101583, at *11-12 (E.D. Pa. July 24, 2014) (where the party, even if affiliated with another named in the charge and having the same address, does not receive notice of the charge, dismissal is appropriate).

The law on this argument is clear – a party must be afforded notice of a charge and, if that can be inferred or somehow demonstrated, then a plaintiff can proceed with a claim. But if an entity does not receive notice of a charge – even if named or discussed within the charge itself – then the plaintiff has not administratively exhausted her claims with regard to that entity. Those are the facts before this Court. Cintron has cited no record evidence to refute those facts and no law to support her position. Accordingly, Cintron failed to exhaust her claims against PAL. *Najmola*, 2014 U.S. Dist. LEXIS 101583, at *11-12.

### C. Cintron Offers No Evidence to Dispute the Material Fact that PAL Was Not Her Employer and Her 1983 Claims Fail

In the Opposition, Cintron fails to put forth any record facts that create a genuine dispute over her lack of employment relationship with PAL. Further, at no point in her Opposition does Cintron contest any of the record facts – *all based on her own testimony* – that demonstrate that she had no employment relationship with PAL. *See, e.g.,* PAL's Motion [**ECF No. 79-1**], p. 6. Instead, Cintron ignores those facts and points to PAL's tax returns to muddy the record and support her claims. But Cintron's arguments fail on both the law and the facts.

First, as a threshold issue, PAL's tax return is not evidence of a joint employer relationship. *See Johnston v. Titan Logistics & Res., LLC*, No. 17-1617, 2021 U.S. Dist. LEXIS 6332, *4 (W.D. Pa. Jan. 13, 2021) (noting that a plaintiff's tax returns were not "relevant to the joint-employer factors" because the joint-employer relationship issue turns on exertion of "control" and the tax

4

records were "not relevant to determining this control"). Second, while Cintron points to those tax returns to suggest she is identified as a PAL employee, she ignores the fact that out of the one hundred twenty-five individuals listed under the general heading at issue, there are other examples – for example, former Philadelphia Mayor Jim Kenney – who are not PAL employees. Accordingly, in light of her own undisputed testimony and the applicable caselaw, PAL's tax returns do not create a genuine issue of fact.[4]

And third, PAL would note that Cintron claims that "PAL holds itself out as a part of the PPD" because its tax return "states that, in 2016, it received $2,465,953 as the value of services or facilities '… furnished by a governmental unit to the organization without charge.'" *See* the Opposition [**ECF 82-2**], page 4. Cintron goes to argue, based on this contention, that PAL "receives a substantial part of its support from a governmental unit – here the City of Philadelphia[.]" *Id*. However, this argument is premised upon an incorrect reading (and characterization) of the tax return. Specifically, the dollar figure quoted by Cintron is listed under line 1, entitled "Gifts, grants, contributions, and membership fees received." *See* **ECF 82-9**, page 19 of 33, Part II, Line 1. Cintron's allegation, relating to value "furnished by a governmental unit to the organization without charge" is an entirely separate entry which reflects zero contribution from the City. *See* **ECF 82-9**, page 20 of 33, Part II, Line 3. As a result, the tax returns do not support Cintron's claims and her arguments fail.[5]

---

[4] Notably, the tax return reflects that PAL did report any compensation to Cintron, which is consistent with her testimony, and contracts Cintron's assertion that PAL "pays police salaries" – an argument lacking any record support.

[5] Cintron also relies on a non-precedential opinion from New York – *Bal v. Police Ath. League, Inc.*, No. 98 Civ. 9115, 2002 U.S. Dist. LEXIS 8671 (S.D.N.Y. May 16, 2002). However, Cintron does not address the Third Circuit's three factor test for determining if the "close nexus" exists as outlined in *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). And simply alleging that PAL's tax records demonstrate a "close nexus" fails here because Cintron misread PAL's tax return on which her argument relies. Moreover, even if the 2016 tax return read as Plaintiff hoped it did, Plaintiff cannot establish through the tax return alone any of the three fact-specific tests required by the Third Circuit to establish the existence of the "close nexus."

### D. Cintron Admits that Qualli Treated Her No Differently than He Treated Her White Male Predecessors.

Finally, and fatal to her contention that she was treated differently due to her gender or national origin, Cintron's own prior statements make plain that Qualli's alleged behavior – even if true – was the same way he treated Cintron's white, male predecessor. *See* **ECF 82-8**, page 3 of 6, at ¶ 1 ("Since prior to my assignment to PAL, there has been a systematic lack of respect for the chain of command *which began with the previous commanders*, and a blatant disrespect for the police staff") (emphasis added); **ECF 82-8**, page 6 of 6, at ¶ 4 ("Since Ted [Qualli] began his employment with PAL *he had the same problems with the last two Commanders with me being the third*, this speaks for itself") (emphasis added); *see also* **Exhibit A** [**ECF 79-2**], Cintron Dep. Vol. 1, 120:5-7 (Cintron's predecessor was a white male).

At best, these statements reflect some personal conflict between Qualli, as PAL's Executive Director, and the Commanding Officer of the PAL unit. However, such conflict would be insufficient to establish Cintron's discrimination claims against PAL. *See Kocher v. McDonough*, No. 22-3808, 2023 U.S. Dist. LEXIS 92398, *12 (E.D. Pa. May 26, 2023) (noting that "conduct motivated by a bad working relationship does not give rise to a hostile work environment claim under Title VII"). And at worst, Cintron's statements demonstrate that she cannot establish that PAL discriminated against her because Plaintiff cannot establish the fourth prong of her *prima facie* discrimination claim, namely, that PAL's actions "occurred under circumstances that give rise to an inference of unlawful discrimination." *Id*. at *7. Because Cintron has no direct evidence of this element, she needs circumstantial evidence that she was treated differently because of her sex and national origin. *See Bennun v. Rutgers State Univ.*, 941 F.2d 154, 170 (3d Cir. 1991) ("The plaintiff must prove by a preponderance of the evidence that

… non-members of the protected class were treated more favorably."). And unfortunately for Cintron, her written statements disprove her discrimination claim . Rather, Cintron's written statements prove the opposite – namely, that she was treated the same as non-members of her protected classes of sex and national origin.

### III.   CONCLUSION

As demonstrated above and in PAL's Motion, there are no genuine disputes as to any material fact at issue. More specifically, there is no genuine dispute to the following four material facts: 1) PAL did not receive administrative notice of her claims; 2) PAL was not a joint employer of Plaintiff with the City; 3) PAL was not acting under color of state law; and 4) PAL did not discriminate against Plaintiff. Thus, PAL should be granted summary judgment as a matter of law as no genuine dispute exists as to any material fact of her claims with respect to PAL.

Dated: March 3, 2025                                        Respectfully submitted,

**O'HAGAN MEYER PLLC**

*/s/ Kevin L. Golden*
Kevin L. Golden, Esquire (#94210)
Michon L. Crawford, Esquire (#78532)
Three Logan Square
1717 Arch Street, Suite 3910
Philadelphia PA 19103
Phone: 215-461-3323
kgolden@ohaganmeyer.com
mcrawford@ohaganmeyer.com
*Counsel for Defendant, The Police Athletic League*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2025 I caused a true and correct copy of the foregoing **Reply Memorandum in Support of Motion for Summary Judgment** to be filed with the Clerk of the Court via the Electronic Filing System upon all counsel of record.

Respectfully submitted,

**O'HAGAN MEYER PLLC**

Date: March 3, 2025

*/s/ Kevin L. Golden*
Kevin L. Golden, Esquire