IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EVELYN CINTRON,** : <br> Plaintiff, : <br> : <br> v. : <br> : <br> **CITY OF PHILADELPHIA, et al.,** : <br> Defendants. : | CIVIL ACTION <br><br> NO. 19-4078 |

**CITY DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THEIR
<u>MOTION FOR SUMMARY JUDGMENT</u>**

In further support of their Motion for Summary Judgment and in reply to Plaintiff's Response in Opposition to City Defendants' Motion for Summary Judgment (ECF 81) (hereinafter "Response"), City Defendants file this Reply.

**I.     ARGUMENT**

Plaintiff's Response is fatally flawed because it fails to comply with the Federal Rules of Civil Procedure and fails to create a genuine issue of material fact necessary to defeat City Defendants' Motion for Summary Judgment. Specifically, Plaintiff's filing does not comply with Fed. R. Civ. P. 56 and L. Rule 7.1 because it does not include a memorandum of law in support of Plaintiff's Response, nor facts sufficient to contradict City Defendants' Statement of Undisputed Material Facts (hereinafter "SUMF") or proper citation to the factual record. Finally, Plaintiff continues to pursue a hostile work environment claim despite failing to properly plead it. ECF 1; ECF 20 at FN 5; ECF 40, and ECF 80 at FN 2.

**A. Plaintiff's Failure to Attach a Memorandum of Law to Her Response is in Violation of Local Rule 7.1(c)**

The Local Rules of Civil Procedure for the Eastern District of Pennsylvania are clear: "*Every motion…shall* be accompanied by a brief containing a concise statement of the legal contentions

1

and authorities relied upon in support of the motion." L. Rule 7.1(c) (emphasis added). The rule further provides that "any party opposing the motion *shall* serve a brief in opposition together with such answer or other response that may be appropriate." *Id.* (emphasis added). The rule's use of the word "shall" indicates that it is not optional for parties filing a motion or a response to a motion to attach a memorandum of law. It is required. Plaintiff has failed to attach a memorandum of law in her Response. In instances where parties have failed to attach memoranda of law to their motions, or have failed to cite to legal authority, courts in this district have held that the relevant motions are legally deficient, which can result in denial of the motion. *See Griffin-El v. Beard*, No. CIV.A. 06-2719, 2009 WL 678700, at *3–4 (E.D. Pa. Mar. 16, 2009), *order corrected on reconsideration*, No. CIV.A. 06-2719, 2009 WL 1229599 (E.D. Pa. Apr. 30, 2009). Therefore, the court should not consider Plaintiff's procedurally deficient opposition when ruling on City Defendants' Motion for Summary Judgment (ECF 80).

### B. Plaintiff's Response is Non-Responsive and Not Supported by the Record, in Violation of FRCP 56

When responding to a motion for summary judgment under the Federal Rules of Civil Procedure,

> the nonmoving party must go beyond the pleadings and present evidence through affidavits, depositions, or admissions on file to show that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c) ("A party asserting that a fact...is genuinely disputed must support the assertion by...citing to particular parts of materials in the record."); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (noting that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). A mere scintilla of evidence in support of the non-moving party's position will not suffice. *Liberty Lobby*, 477 U.S. at 252.

*Daniels v. Sears & Sears Roebucks & Co.*, No. CV 15-4821, 2016 WL 521205, at *2 (E.D. Pa. Feb. 10, 2016) (citing Fed. R. Civ. P. 56(c)).

To create a genuine issue of material fact, non-moving parties must cite to the record to explain how the fact at issue is disputed. Fed. R. Civ. P. 56(c). Under Fed. R. Civ P. 56(e), courts may "consider the fact undisputed for purposes of the motion" when a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)." *White v. Atkore Corp.*, No. CV 16-1422, 2018 WL 2688434, at *2 (E.D. Pa. June 4, 2018) (citing Fed. R. Civ. P. 56(e)). In addition, self-serving declarations by a plaintiff are "insufficient to create a genuine issue of material fact."[1]

In an attempt to demonstrate a genuine issue of material fact, Plaintiff includes what at first glance appears to be a Counterstatement of Facts in response City Defendants' SUMF (ECF). However, upon closer inspection, this filing is nonresponsive to the SUMF and falls short of a Counterstatement that complies with Fed. R. Civ. P. 56(c) and (e) as Plaintiff either does not cite to the record, cites to irrelevant parts of the record, contradicts herself in her own response, or fails to answer the City's facts coherently in violation of the federal rule governing summary judgment. *See* City Defendants' Reply to Plaintiff's Response to City Defendants' SUMF (attached)*; Russell v. City of Philadelphia*, 698 F. App'x 709, 711 (3d Cir. 2017) (explaining the requirement that for a party to succeed in its response to a motion for summary judgment, a party's citation to the record must support that party's claims).

Worse, Plaintiff's response seemingly attempts to mislead the court by denying assertions that are plainly contradicted by the record. *See*, *e.g.*, Plaintiff's Response, ¶ 56 (denying that D/C

---

[1] *Larochelle v. Wilmac Corp.*, 210 F. Supp. 3d 658, 706-08 (E.D. Pa. 2016), *clarified on denial of reconsideration*, No. 12-CV-5567, 2016 WL 6135577 (E.D. Pa. Oct. 21, 2016), *aff'd*, 769 F. App'x 57 (3d Cir. 2019), and *aff'd*, 769 F. App'x 57 (3d Cir. 2019) (finding that parties cannot survive summary judgment with self-serving statements, nor can they create a genuine issue of material fact by contradicting their previous statements).

Sullivan believed Plaintiff was in a relationship with Officer Klayman, despite Plaintiff *herself* telling IAD that D/C Sullivan told her that he knew she was in a relationship with Officer Klayman (*See* City Ex. 2 at City144)); Plaintiff's Response, ¶ 64 (denying that she changed Sgt. Faust's tour of duty despite her admitting in her IAD interview that she had done so (*See* City Ex. 2, at City147); Plaintiff's Response, ¶ 92 (denying that she was aware of Directive 11.1 (previously titled Directive 32) concerning DARS despite her admitting that she was aware of the directive and its governance over PPD lieutenants and their approval of DARS (*See* City Ex. 2 at City151)); Plaintiff's Response, ¶ 121 (denying that Plaintiff started a leave of absence on January 31, 2018 despite the record clearly stating that she last worked on January 31, 2018 (*See* City Ex. 2 at City30)). Further, for the few paragraphs in which Plaintiff manages to properly cite to the record, those citations support the City's Undisputed Material Facts or are self-serving declarations. *See Larochelle*, 210 F. Supp. 3d at 706-08 (finding that parties cannot survive summary judgment with self-serving statements, nor can they create a genuine issue of material fact by contradicting their previous statements).

    Despite her Herculean efforts to confuse and mislead the court, Plaintiff has entirely failed to create any issues of material fact sufficient to deny City Defendants' Motion for Summary Judgment. Plaintiff's response is procedurally and substantively deficient and should be disregarded in its entirety.

### C. Plaintiff Failed to Plead a Hostile Work Environment Claim

    Plaintiff has failed to plead a hostile work environment claim, and the court made that clear in its 2020 memorandum ruling on the Defendants' dual motions to dismiss. *See* ECF 20, Fn 2. Despite the court giving Plaintiff an opportunity to amend her complaint and properly plead a claim of hostile work environment, Plaintiff failed to do so. Plaintiff's Amended

4

Complaint did not materially change any claims from Plaintiff's original complaint. *See* ECF 40. At no time has she raised a hostile work environment claim. To the extent that Plaintiff alleges any claims of hostile work environment in her Response, those claims are untimely, and should not be considered.

II.   **CONCLUSION**

Plaintiff's Response fails to satisfy the requirements of Fed R. Civ. P. 56 and L. Rule 7.1 because it omits citations to legal authority and fails to contradict City Defendants' material facts with citations to the factual record. To the extent that Plaintiff's response is coherent, her response is full of self-contradiction, misleading statements, and fails to shed any doubt on the material facts in in the instant case. Therefore, the City Defendants' motion for summary judgment should be granted in its entirety.

Respectfully Submitted,
CITY OF PHILADELPHIA LAW DEPARTMENT
RENEE GARCIA, CITY SOLICITOR
ANNE TAYLOR, CHAIR OF LITIGATION

DATED: March 7, 2025        BY:     */s/ Sharon E. Ulak*
Sharon E. Ulak
Divisional Deputy City Solicitor
PA ID # 316198
Law Department-Labor & Employment Unit
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
Attorney for Defendants
City of Philadelphia and Joseph Sullivan

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Reply in Support of the City of Philadelphia and Joseph Sullivan's Motion for Summary Judgment and Reply to Plaintiff's Response to City Defendants' Statement of Undisputed Material Facts has been filed electronically and is available for viewing and downloading.

Respectfully Submitted

CITY OF PHILADELPHIA LAW DEPARTMENT

DATED: March 7, 2025        BY:    /s/ Sharon E. Ulak
                                    Sharon E. Ulak
                                    Divisional Deputy City Solicitor