IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| EVELYN CINTRON, | | : | |
| | Plaintiff, | : | CIVIL ACTION |
| | | : | |
| v. | | : | |
| | | : | NO. 19-4078 |
| CITY OF PHILADELPHIA, et al., | | : | |
| | Defendants. | : | |
| | | : | |

**CITY DEFENDANTS, CITY OF PHILADELPHIA AND JOSEPH SULLIVAN'S REPLY
TO PLAINTIFF'S RESPONSE TO CITY DEFENDANTS' STATEMENT OF
UNDISPUTED MATERIAL FACTS**

As discussed in City Defendants' Reply, City Defendants contest that Plaintiff has filed a legally sufficient response to the Motion for Summary Judgment. Without waiver of any arguments, to the extent that this Court treats Plaintiff's response as a counter statement of facts, or other filing that complies with Federal Rule of Civil Procedure 56, City Defendants respond below as follows:

1. Plaintiff alleges no facts to support her denial of the City Defendants' asserted Undisputed Material Facts in paragraph 1. In fact, Plaintiff's citation to the record supports City Defendants' statement of facts. Plaintiff's response includes argument and legal conclusion which is prohibited under Fed. R. Civ. P. 56. Therefore, City Defendants' Statement of Undisputed Material Fact should be deemed admitted.[1]

---

[1] City Defendants' statement regarding the presentation of facts in its Statement of Undisputed Material Facts is consistent with this court's standard for a motion for summary judgment and Plaintiff's statement otherwise is absurd.

2. Plaintiff does not dispute this paragraph, and therefore these facts should be deemed admitted.

3. Plaintiff does not dispute this paragraph, and therefore these facts should be deemed admitted.

4. Plaintiff does not dispute this paragraph, and therefore these facts should be deemed admitted.

5. Plaintiff admits to the fact asserted by City Defendants in this paragraph. As such, it should be deemed admitted. Her statement that the asserted fact is supported by additional parts of the record is irrelevant to whether it is an undisputed fact.

6. Plaintiff's response is nonresponsive to City Defendants' Statement of Undisputed Material Facts, therefore it should be denied, and City Defendants' Statement of Undisputed Material Facts should be deemed admitted.

7. Plaintiff does not dispute this paragraph, and therefore these facts should be deemed admitted.

8. As there is no factual dispute regarding City Defendants' asserted statement that PAL is a nonprofit, 501(c)(3) entity, this fact should be deemed admitted. The second part of Plaintiff's response is nonresponsive to City Defendants' asserted Undisputed Material Fact – that PAL works in collaboration with the PPD PAL Unit. Plaintiff denies this fact but fails to cite to any factual or legal authority to contradict City Defendants' asserted fact. As such, the facts in City Defendants' paragraph 8 should be deemed admitted.

9. Plaintiff's response is nonresponsive to City Defendants' asserted Undisputed Material Facts, therefore it should be denied and City Defendants' Statement of Undisputed Material Facts should be deemed admitted. Plaintiff attempts to create an issue of

material fact concerning how PAL employees communicated with PPD PAL Officers with no citation to the record and by speculating that certain communications were "an attempt to undermine [Plaintiff's] authority as commanding officer." However, there is no dispute, that PAL employees and PPD PAL Officers communicated with each other. In fact, paragraph 9 in City Defendants' Statement of Undisputed Facts specifically states that employees of both entities "work together." Therefore, the facts in this paragraph should be deemed admitted.

10. Plaintiff's response is nonresponsive to City Defendants' asserted Undisputed Material Fact, therefore it should be denied and City Defendants' Undisputed Material Fact should be deemed admitted. Plaintiff attempts to create an issue of material fact concerning how PAL employees communicated with PPD PAL Officers with no citation to the record and by speculating that certain communications were "an attempt to undermine [Plaintiff's] authority as commanding officer." However, there is no dispute, that PAL employees and PPD PAL Officers communicated with each other. Plaintiff cannot create an issue of material fact through mere speculation. Finally, this response contains a legal conclusion without any citation to law and is procedurally improper under Fed. R. Civ. P. 56. Therefore, this paragraph of City Defendants' Statement of Undisputed Material Facts should be deemed admitted.

11. Plaintiff's response is nonresponsive to City Defendants' asserted Undisputed Material Fact. Therefore, Plaintiff's response should be denied, and City Defendants' Statement of Undisputed Material Facts should be deemed admitted. Plaintiff being required to make periodic reports to the PAL board does not refute Defendants' fact.

12. Plaintiff's response is nonresponsive to City Defendants' Statement of Undisputed Material Facts, therefore it should be denied and City Defendants' Statement of Undisputed Material Facts should be deemed admitted. Plaintiff attempts to create an issue of material fact concerning how PAL employees communicated with PPD PAL Officers with no citation to the record and by speculating that certain communications were "an attempt to undermine [Plaintiff's] authority as commanding officer." However, there is no dispute that PAL employees and PPD PAL Officers communicated with each other. Plaintiff cannot create an issue of material fact through mere speculation. Finally, this response contains a legal conclusion without any citation to law and is procedurally improper under Fed. R. Civ. P. 56. Therefore, this paragraph of City Defendants' Statement of Undisputed Material Facts should be deemed admitted.

13. Plaintiff does not dispute this paragraph, and therefore this should be deemed admitted.

14. Plaintiff alleges no facts that support her denial that PAL civilian employees report solely to the PAL Executive Director. In fact, Plaintiff's citation to the record (ECF 81; Exhibit C; 34:13-16), supports City Defendants' Statement of Undisputed Material Fact. Therefore, City Defendants' Statement of Undisputed Material Fact should be deemed admitted.

15. The facts asserted in City Defendants' paragraph 15 should be deemed admitted.

16. Plaintiff does not dispute this paragraph, and therefore this should be deemed admitted.

17. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted Undisputed Material Facts in paragraph 17. In fact, Plaintiff's citation to the record supports City Defendants' Statement of Undisputed Material Fact. Therefore, City Defendants' Statement of Undisputed Material Fact should be deemed admitted.

18. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted Undisputed Material Facts in paragraph 18. In fact, Plaintiff's citation to the record supports City Defendants' Statement of Undisputed Material Fact. Therefore, City Defendants' Statement of Undisputed Material Fact should be deemed admitted.

19. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted Undisputed Material Facts in paragraph 19. In fact, Plaintiff's citation to the record supports City Defendants' Statement of Undisputed Material Fact. Therefore, City Defendants' Statement of Undisputed Material Fact should be deemed admitted.

20. Plaintiff does not dispute this paragraph, and therefore this should be deemed admitted.

21. Plaintiff does not dispute this paragraph, and therefore this should be deemed admitted.

22. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted Undisputed Material Facts in paragraph 22. In fact, Plaintiff's citation to the record supports City Defendants' Statement of Undisputed Material Fact. Therefore, City Defendants' Statement of Undisputed Material Fact should be deemed admitted.

23. Plaintiff does not dispute this paragraph, and therefore this should be deemed admitted.

24. Plaintiff does not dispute this paragraph, and therefore this should be deemed admitted.

25. Plaintiff does not dispute this paragraph, and therefore this should be deemed admitted.

26. Plaintiff does not dispute this paragraph, and therefore this should be deemed admitted.

27. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted Undisputed Material Facts in paragraph 27. Plaintiff's denial merely adds immaterial facts about the number of PAL centers she toured during her first week on the job. Therefore, City Defendants' Statement of Undisputed Material Fact should be deemed admitted.

28. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted Undisputed Material Facts in paragraph 28. In fact, Plaintiff's citation to the record supports City Defendants' Statement of Undisputed Material Fact. Therefore, City Defendants' Statement of Undisputed Material Fact should be deemed admitted.

29. Plaintiff does not dispute this paragraph, and therefore this should be deemed admitted.

30. Plaintiff does not dispute this paragraph, and therefore this should be deemed admitted. By way of further response, the additional facts Plaintiff alleges are immaterial to this matter.

31. Plaintiff does not dispute this paragraph, and therefore this should be deemed admitted.

32. Plaintiff does not dispute this paragraph, and therefore this should be deemed admitted.

33.     a. Plaintiff does not dispute this paragraph, and therefore this should be deemed admitted.

   b. Plaintiff does not dispute this paragraph, and therefore this should be deemed admitted.

34. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted Undisputed Material Facts in paragraph 34. In fact, Plaintiff's citation to the record supports City Defendants' Statement of Undisputed Material Fact. Therefore, City Defendants' Statement of Undisputed Material Fact should be deemed admitted.

35. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted Undisputed Material Facts in paragraph 35. In fact, Plaintiff only cites to her own deposition as evidence to support her assertion that she was "verbally abused" by Ted Qualli. By way of further response, Ted Qualli was not a City of Philadelphia employee, and Plaintiff has not cited to any fact in the record to indicate she was disciplined for

voicing her concerns. Therefore, City Defendants' Statement of Undisputed Material Fact should be deemed admitted.

36. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted Undisputed Material Facts in paragraph 36. In fact, Plaintiff's citation to the record supports City Defendants' Statement of Undisputed Material Fact. Therefore, City Defendants' Statement of Undisputed Material Fact should be deemed admitted.

37. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted Undisputed Material Facts in paragraph 37. In fact, Plaintiff's citation to the record supports City Defendants' Statement of Undisputed Material Fact. Therefore, City Defendants' Statement of Undisputed Material Fact should be deemed admitted.

38. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted Undisputed Material Facts in paragraph 38. In fact, Plaintiff's citation to the record supports City Defendants' Statement of Undisputed Material Fact. Therefore, City Defendants' Statement of Undisputed Material Fact should be deemed admitted.

39. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted Undisputed Material Facts in paragraph 39. In fact, Plaintiff's citation to the record supports City Defendants' Statement of Undisputed Material Fact. Therefore, City Defendants' Statement of Undisputed Material Fact should be deemed admitted.

40. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted Undisputed Material Facts in paragraph 40. In fact, Plaintiff's citation to the record supports City Defendants' Statement of Undisputed Material Fact. Therefore, City Defendants' Statement of Undisputed Material Fact should be deemed admitted.

41. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted

    Undisputed Material Facts in paragraph 41. In fact, Plaintiff's citation to the record

    supports City Defendants' Statement of Undisputed Material Fact. Therefore, City

    Defendants' Statement of Undisputed Material Fact should be deemed admitted.

42. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted

    Undisputed Material Facts in paragraph 42. In fact, Plaintiff's citation to the record

    supports City Defendants' Statement of Undisputed Material Fact. Therefore, City

    Defendants' Statement of Undisputed Material Fact should be deemed admitted.

43. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted

    Undisputed Material Facts in paragraph 43. In fact, Plaintiff's citation to the record

    supports City Defendants' Statement of Undisputed Material Fact. Therefore, City

    Defendants' Statement of Undisputed Material Fact should be deemed admitted.

44. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted

    Undisputed Material Facts in paragraph 44. In fact, Plaintiff's citation to the record

    supports City Defendants' Statement of Undisputed Material Fact. Therefore, City

    Defendants' Statement of Undisputed Material Fact should be deemed admitted.

45. Plaintiff does not dispute this paragraph and therefore, it is admitted.

46. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted

    Undisputed Material Facts in paragraph 46. In fact, Plaintiff's citation to the record

    supports City Defendants' Statement of Undisputed Material Fact. Therefore, City

    Defendants' Statement of Undisputed Material Fact should be deemed admitted.

47. Plaintiff does not dispute this paragraph and therefore, it is admitted.

48. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted Undisputed Material Facts in paragraph 48. In fact, Plaintiff's citation to the record supports City Defendants' Statement of Undisputed Material Fact. Therefore, City Defendants' Statement of Undisputed Material Fact should be deemed admitted.

49. Plaintiff does not dispute this paragraph and therefore, it is admitted.

50. Plaintiff does not dispute this paragraph and therefore, it is admitted.

51. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted Undisputed Material Facts in paragraph 51. In fact, Plaintiff's citation to the record supports City Defendants' Statement of Undisputed Material Fact. Therefore, City Defendants' Statement of Undisputed Material Fact should be deemed admitted.

52. Plaintiff does not dispute this paragraph and therefore, it is admitted.

53. Plaintiff does not dispute this paragraph and therefore, it is admitted.

54. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted Undisputed Material Facts in paragraph 54. In fact, Plaintiff's citation to the record supports City Defendants' Statement of Undisputed Material Fact. Therefore, City Defendants' Statement of Undisputed Material Fact should be deemed admitted.

55. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted Undisputed Material Facts in paragraph 55. In fact, Plaintiff's citation to the record supports City Defendants' Statement of Undisputed Material Fact. Therefore, City Defendants' Statement of Undisputed Material Fact should be deemed admitted.

56. City Defendants' Statement of Undisputed Material Fact should be deemed admitted as Plaintiff does not deny the facts asserted in this paragraph, only the presentation of the facts, and provides no basis for her denial. To the contrary, in support of the asserted fact,

City Defendants cite to a memorandum drafted **by Plaintiff** and addressed to City

Defendant Sullivan stating in part, "You asked me to tell Officer Klayman #9321, that he

had to choose (3) districts for which he would be assigned to one under the belief that

Officer Klayman and I were involve [sic] in a relationship." City Defendants' Exhibit 5.

Additionally, **Plaintiff reported to PPD Internal Affairs that Sullivan made this

statement to her.** "I was called to D/C Sullivan's officer and he said we know you are in

a relationship with Officer Klayman and then I was told he needed [sic] pick three

districts to go to." City Defendants' Exhibit 2 at City144.

57. Plaintiff does not deny the City of Philadelphia's asserted Undisputed Material Facts in
paragraph 57. Therefore, City Defendants' Statement of Undisputed Material Fact should
be deemed admitted.

58. Plaintiff does not dispute this paragraph and therefore, it is admitted.

59. Plaintiff does not dispute this paragraph and therefore, it is admitted.

60. Plaintiff does not dispute this paragraph and therefore, it is admitted.

61. Plaintiff does not dispute this paragraph and therefore, it is admitted.

62. Plaintiff does not dispute this paragraph and therefore, it is admitted.

63. Plaintiff does not dispute this paragraph and therefore, it is admitted.  In fact, Plaintiff's
citation to the record supports City Defendants' Statement of Undisputed Material Fact.
Therefore, City Defendants' Statement of Undisputed Material Fact should be deemed
admitted.

64. Plaintiff has no basis to deny the facts asserted in this paragraph as undisputed because
there is a record of her admission to the very same facts in her statement to IAD, as set

forth in an exhibit that both she and City Defendants cite to. Thus, the facts in this
paragraph should be deemed admitted.

65. Plaintiff does not dispute this paragraph and therefore, it is admitted.

66. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted
Undisputed Material Facts in paragraph 66. In fact, Plaintiff's citation to the record
supports City Defendants' Statement of Undisputed Material Fact. Therefore, City
Defendants' Statement of Undisputed Material Fact should be deemed admitted.

67.  Despite Plaintiff's denial "as stated," the facts in this paragraph should be deemed
admitted. Plaintiff's alleged facts do not make City Defendants' facts untrue – Plaintiff
changed Sgt. Faust's shift to coincide with another sergeant, leaving no supervision on
the other shift. That Plaintiff told Sgt. Faust not to change his shift and that he changed it
without her knowledge does not make City Defendants' asserted fact untrue. As such, the
facts in this paragraph should be deemed admitted.

68. Plaintiff does not dispute this paragraph, and therefore this should be deemed admitted.

69. Plaintiff does not dispute this paragraph, and therefore this should be deemed admitted.

70. Plaintiff's answer is non-responsive. As such, this paragraph should be deemed admitted.

71. Plaintiff's answer is non-responsive. As such, this paragraph should be deemed admitted.

72. Plaintiff's answer is non-responsive. As such, this paragraph should be deemed admitted.

73. Plaintiff's answer is non-responsive. As such, this paragraph should be deemed admitted.

74. Plaintiff's answer is non-responsive. As such, this paragraph should be deemed admitted.

75. Plaintiff's answer is non-responsive. As such, this paragraph should be deemed admitted.

76. Plaintiff does not dispute the facts asserted in this paragraph, and therefore they should be
deemed admitted.

77. Plaintiff does not dispute the facts asserted in this paragraph, and therefore they should be deemed admitted.

78. Plaintiff does not dispute the facts asserted in this paragraph, and therefore they should be deemed admitted.

79. Plaintiff does not dispute the facts asserted in this paragraph, and therefore they should be deemed admitted.

80. Plaintiff does not dispute the facts asserted in this paragraph, and therefore they should be deemed admitted.

81. Plaintiff's answer is non-responsive. As such, this paragraph should be deemed admitted.

82. Plaintiff's answer is non-responsive. As such, this paragraph should be deemed admitted.

83. Plaintiff's answer is non-responsive. As such, this paragraph should be deemed admitted.

84. Plaintiff's answer is non-responsive. As such, this paragraph should be deemed admitted.

85. Plaintiff's answer is non-responsive. As such, this paragraph should be deemed admitted.

86. Plaintiff's answer is non-responsive. As such, this paragraph should be deemed admitted.

87. Plaintiff's answer is non-responsive. As such, this paragraph should be deemed admitted.

88. The facts asserted in this paragraph should be admitted as Plaintiff fails to provide facts to support her denial. In fact, Plaintiff's citation to the record supports City Defendants' Statement of Undisputed Material Fact.

89. The facts asserted in this paragraph should be admitted as Plaintiff fails to provide facts to support her denial. In fact, Plaintiff's citation to the record supports City Defendants' asserted Undisputed Material Fact.

90. Plaintiff's answer is non-responsive. As such, this paragraph should be deemed admitted.

91. The facts in this paragraph should be deemed admitted as Plaintiff fails to cite facts to support her denial of the asserted facts. Directive 11.1 is the name of the current version of the PPD directive concerning attendance. Directive 32 is the name of the former PPD policy concerning attendance that was in effect during the time period relevant to this lawsuit. Moreover, the change in the name of the PPD attendance directive is not a material fact.

92. The facts in this paragraph should be deemed admitted as Plaintiff fails to cite facts to contradict the asserted facts. *See* City's reply to paragraph 92. Furthermore, Plaintiff admitted in her Internal Affairs interview that she was aware of Directive 11.1 and its governance over PPD lieutenants and their approval of DARS. *See* Ex. 2 at City151.

93. Plaintiff does not dispute the facts asserted in this paragraph, and therefore they should be deemed admitted.

94. Plaintiff's proposition contains citations to the record that do not support her assertion. Despite Plaintiff's denial, she cannot explain how her handwritten note was not strictly a complaint about Ted Qualli. Therefore, City Defendants' Statement of Undisputed Material Fact should be deemed admitted.

95. Plaintiff does not dispute the facts asserted in this paragraph, and therefore they should be deemed admitted.

96. Plaintiff does not dispute the facts asserted in this paragraph, and therefore they should be deemed admitted.

97. Plaintiff's proposition contains citations to the record that do not support her assertion. Despite Plaintiff's denial, she cannot explain how her handwritten note was not strictly a

complaint about Ted Qualli. Therefore, City Defendants' Statement of Undisputed

Material Fact should be deemed admitted..

98. The investigation was completed by investigator Conway on 05/29/2018. The

investigation was reviewed and approved on 06/18/2018. Plaintiff alleges no facts that

support her denial of the City of Philadelphia's asserted Undisputed Material Facts in

paragraph 98. Therefore, City Defendants' Statement of Undisputed Material Fact should

be admitted.

99. The investigation was completed by investigator Conway on 05/29/2018. The

investigation was reviewed and approved on 06/18/2018. Plaintiff alleges no facts that

support her denial of the City of Philadelphia's asserted Undisputed Material Facts in

paragraph 99. Therefore, City Defendants' Statement of Undisputed Material Fact should

be deemed admitted.

100.        Plaintiff does not dispute the facts asserted in this paragraph, and therefore they

should be deemed admitted.

    a.  Plaintiff's denial plainly ignores IAD's conclusions without citation to any

        contradictory record evidence. Therefore, this paragraph of City Defendants'

        Statement of Undisputed Material Facts should be admitted. .

    b.  Plaintiff's denial plainly ignores IAD's conclusions without citation to any

        contradictory record evidence. This denial also includes immaterial facts that do

        not contain any citation to record evidence. Therefore, this paragraph of City

        Defendants' Statement of Undisputed Material Facts should be admitted. .

101.        Note the existence of the directive, IAD finding. Directive 11.1 is the name of the

current version of the Philadelphia Police Department ("PPD") directive concerning

attendance. Directive 32 is the name of the old PPD policy concerning attendance in effect during the time period in question. Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted Undisputed Material Facts in paragraph 91. The change in the name of the PPDS attendance directive is not a dispute of material fact. Therefore, City Defendants' assertion that the directive exists should be admitted.

102.        Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted Undisputed Material Facts in paragraph 102. Plaintiff's denial is of a statement not made in City Defendants' Undisputed Material Facts. Therefore, City Defendants' Statement of Undisputed Material Fact should be admitted.

103.        Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted Undisputed Material Facts in paragraph 1. In fact, Plaintiff's citation to the record supports City Defendants' Statement of Undisputed Material Fact. Moreover, Plaintiff's response contradicts her own denial. Plaintiff asserts that she was forced to retire, then asserts that Deputy Commissioner Robin Wimberly (incorrectly spelled "Wembley" in Plaintiff's filing), encouraged Plaintiff not to retire and remain employed by the Philadelphia Police Department ("PPD"). Finally, Plaintiff's response suggests that she was subjected to a hostile work environment. However, Plaintiff did not bring a hostile work environment claim (*See* Doc. 40), and all assertions of a hostile work environment should be ignored. Finally, this response contains a legal conclusion without any citation to legal authority and is procedurally improper under Fed. R. Civ. P. 56. Therefore, City Defendants' Statement of Undisputed Material Fact should be admitted.

104.        Plaintiff alleges no facts that support her denial of the City of Philadelphia's asserted Undisputed Material Facts in paragraph 104. Plaintiff's denial is of a statement

not made in City Defendants' Undisputed Material Facts. Therefore, City Defendants'

Statement of Undisputed Material Fact should be deemed admitted.

105.     Plaintiff does not dispute this paragraph, and therefore this should be deemed

admitted.

106.     Plaintiff does not dispute this paragraph, and therefore this should be deemed

admitted.

107.     Plaintiff's allegations are conclusory with citations to the record that do not

support her propositions. Therefore, City Defendants' Statement of Undisputed Material

Fact should be deemed admitted.

108.     Plaintiff does not dispute this paragraph, and therefore this should be deemed

admitted.

109.     Plaintiff does not dispute this paragraph, and therefore this should be deemed

admitted.

110.     Plaintiff does not dispute this paragraph, and therefore this should be deemed

admitted.

111.     Plaintiff's allegations are conclusory with citations to the record that do not

support her propositions. Therefore, City Defendants' Statement of Undisputed Material

Fact should be deemed admitted.

112.     Plaintiff does not dispute this paragraph, and therefore this should be deemed

admitted.

113.     Plaintiff does not dispute this paragraph, and therefore this should be deemed

admitted.

114.      Plaintiff does not dispute this paragraph, and therefore this should be deemed

admitted.

115.      Plaintiff does not dispute this paragraph, and therefore this should be deemed

admitted.

116.      Plaintiff does not dispute this paragraph, and therefore this should be deemed

admitted.

117.      Plaintiff does not dispute this paragraph, and therefore this should be deemed

admitted.

118.      Plaintiff does not dispute this paragraph, and therefore this should be deemed

admitted.

119.      Plaintiff does not dispute this paragraph, and therefore this should be deemed

admitted.

120.      Plaintiff does not dispute this paragraph, and therefore this should be deemed

admitted.

121.      The facts set forth in this paragraph should be admitted as Plaintiff's denial is not

supported by the record. In their SUMF, City Defendants assert a fact and cite to Exhibit

2 at City30, a portion of the IAD report, that specifically provides, "While on location at

PAL headquarters, the assigned spoke to Sgt. Faust who informed the assigned that

Lieutenant Cintron cleared out her office the day (01-31-18) before starting a Family

Medical Leave of Absence (FMLA)…."

122.      Plaintiff does not deny that she did not return from her leave of absence or

provide a citation to the record to contradict City Defendants' asserted fact. As such, the

facts set forth in this paragraph should be admitted.

123.      Plaintiff alleges no facts to support her denial of the City Defendants' asserted

Undisputed Material Fact in paragraphs 1 or 123. In fact, Plaintiff's citation to the record

supports City Defendants' simple asserted fact – that Plaintiff retired. Moreover,

Plaintiff's response contradicts her own denial. Plaintiff asserts that she was forced to

retire, then asserts that Deputy Commissioner Robin Wimberly (incorrectly spelled

"Wembley" in Plaintiff's filing), encouraged Plaintiff not to retire and remain employed

by the Philadelphia Police Department ("PPD"). Finally, Plaintiff's response suggests that

she was subjected to a hostile work environment. However, Plaintiff did not bring a

hostile work environment claim (*See* ECF 40), and all assertions of a hostile work

environment should be ignored. Finally, this response contains a legal conclusion without

any citation to legal authority and is procedurally improper under Fed. R. Civ. P. 56.

Therefore, paragraph 123 of City Defendants' Statement of Undisputed Material Fact

should be admitted.

124.      Plaintiff alleges no facts that support her denial of the City of Philadelphia's

Statement of Undisputed Material Facts in paragraph 124. Therefore, City Defendants'

Statement of Undisputed Material Fact should be deemed admitted.

125.      Plaintiff does not dispute this paragraph, and therefore this should be deemed

admitted.

126.      Plaintiff's allegations are conclusory with citations to the record that do not

support her propositions. Therefore, City Defendants' Statement of Undisputed Material

Fact should be deemed admitted.

127.      Plaintiff does not dispute this paragraph, and therefore this should be deemed

admitted.

128.    Plaintiff does not dispute this paragraph, and therefore this should be deemed admitted.

129.    Plaintiff does not dispute this paragraph, therefore this should be deemed admitted.

130.    Plaintiff does not dispute this paragraph, therefore this should be deemed admitted.

131.    Plaintiff does not dispute this paragraph, therefore this should be deemed admitted.

132.    Plaintiff does not dispute this paragraph, therefore this should be deemed admitted.

133.    Plaintiff does not dispute this paragraph, therefore this should be deemed admitted.

134.    Plaintiff does not dispute this paragraph, therefore this should be deemed admitted.

Respectfully Submitted,

CITY OF PHILADELPHIA LAW DEPARTMENT
RENEE GARCIA, CITY SOLICITOR
ANNE TAYLOR, CHAIR OF LITIGATION

DATED: March 7, 2025        BY:    */s/ Sharon E. Ulak*
Sharon E. Ulak
Divisional Deputy City Solicitor
PA ID # 316198
Law Department-Labor & Employment Unit
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
Attorney for Defendants
City of Philadelphia and Joseph Sullivan