**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EVELYN CINTRON,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | |
| | : | **No. 19-4078** |
| **CITY OF PHILADELPHIA, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER**

**AND NOW** this _____ day of _____ 2025, upon

consideration of Defendants City of Philadelphia and Joseph Sullivan's Motion in

Limine, it is hereby **ORDERED** and **DECREED** that the Defendants' motion is

**GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff is precluded at the trial of this

matter from introducing any evidence relating to complaints about the conditions at PAL

centers made by people other than herself.

BY THE COURT:

_____

J. Surrick

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| EVELYN CINTRON, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | |
| | : | **No. 19-4078** |
| **CITY OF PHILADELPHIA, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF COMPLAINTS ABOUT PAL CENTER CONDITIONS MADE
<u>BY OTHERS</u>**

Defendants the City of Philadelphia and Joseph Sullivan move this Honorable Court for the entry of an order precluding the introduction of any evidence referring or relating to complaints about PAL centers that have been made by people other than herself. In support of its motion, Defendant incorporates by reference their Memorandum of Law filed contemporaneously herewith.

Respectfully submitted,

Date: April 7, 2025

<u>/s/ Sharon E. Ulak</u>
Sharon E. Ulak
Divisional Deputy City Solicitor
City of Philadelphia Law Dept.
Labor & Employment Unit
1515 Arch Street, 15th Floor
Philadelphia, PA 19102-1595
215-683-5083

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EVELYN CINTRON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | |
| | : | No. 19-4078 |
| CITY OF PHILADELPHIA, ET AL., | : | |
| | : | |
| Defendants. | : | |

## I.    INTRODUCTION

City Defendants move this Court for the entry of an order precluding the introduction and/or admission of evidence relating to complaints about PAL centers made by persons other than Plaintiff herself for the reasons stated below:

## II.    FACTS

Plaintiff's claims in this matter are for Title VII discrimination and retaliation, a violation of the Equal Protection Clause, as well as retaliation under the First and Fourteenth Amendments. Plaintiff has not alleged violations of the Pennsylvania Whistleblower statute, did not seek to amend her complaint to include it or mention it in her opposition to the motions for summary judgment.

At Plaintiff's deposition, she testified that others had made complaints about the conditions at PAL centers. She specifically testified that she was aware of prior issues at the Wissinoming PAL Center and that the person who made those claims had filed a lawsuit against the City. See Cintron Dep. 1, 10/28/2022, at 81:8-19, attached hereto as Exhibit 1.

Plaintiff also sought deposition testimony from a City representative about the City's policies and procedures for "whistleblowers." See 30(b)(6) Deposition Notice Addressed to the City of Philadelphia, attached hereto as Exhibit 2. However, Plaintiff asked no questions about the City's whistleblower procedures at the deposition of the City's 30(b)(6) witness. See Righter Dep., 11/15/2024, attached hereto as Exhibit 3.

## III.    ARGUMENT

### A.    Evidence Regarding Other Complaints and Lawsuits Concerning PAL Center Conditions Is Relevant to the Issues at Trial

Complaints that other people may have made about the conditions at PAL centers are irrelevant to a determination as to whether the City discriminated against her because of her sex or race, nor is it relevant to determining if the City retaliated against her for complaining about the alleged discrimination.

Under the Federal Rules of Evidence, litigants are prohibited from introducing evidence that is not relevant in the matter being litigated. Specifically, Fed. R. Evid. 401 provides as follows:

> Relevant evidence means evidence having any tendency to make the existence of a fact of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Accordingly, evidence is relevant only if it has any tendency to establish a proposition or fact that is material to the lawsuit. Under Rule 401, testimony which fails to prove or disprove any material fact at issue is irrelevant. Brancha v. Raymark Indus., 972 F.2d 507, 514 (3d Cir. 1992). Under Rule 402, irrelevant evidence is inadmissible. Fed. R. Evid. 402. This is not a trial concerning the history of issues at the Wissinoming PAL Center, nor is it a trial to determine whether Plaintiff was a whistleblower who

experienced retaliation after making complaints. Furthermore, this matter does not concern whether the City or PAL were aware of complaints or issues at PAL Centers. Therefore, this evidence is irrelevant and should be excluded at trial.

### B.     Permitting Plaintiff to Introduce This Evidence at Trial will Substantially Prejudice Defendants

Pursuant to Federal Rule of Evidence 403 "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…"  "Unfair prejudice is that which could lead the jury to make an emotional or irrational decision, or to use the evidence in a manner not permitted by the rules of evidence."  Comment to Fed.R.Evid. 403. The type of inquiry under Rule 403 is fact-intensive and context-specific.  Sprint v. Mendelsohn, 522 U.S. 379 (2008).

If Plaintiff were permitted to testify that other people had also complained about conditions at PAL centers, one of whom filed a lawsuit, a jury may be inclined to find liability against the City simply because other people had complained about these centers. A lawsuit filed by another person and evidence that others had made complaints about the conditions at PAL centers is irrelevant to Plaintiff's claims and only serves to prejudice the City and Joseph Sullivan. Therefore, the presentation of this type of evidence should be precluded.

## IV.    CONCLUSION

Because evidence related to complaints made by other people is not relevant to the ultimate issue in the case, its presentation would substantially prejudice the jury. Therefore, Plaintiff should be precluded from introducing this evidence at trial.

Respectfully submitted,

Date: April 7, 2025

/s/ Sharon E. Ulak
Sharon E. Ulak
Divisional Deputy City Solicitor
City of Philadelphia Law Dept.
Labor & Employment Unit
1515 Arch Street, 15th Floor
Philadelphia, PA 19102-1595
215-683-5083

## CERTIFICATE OF SERVICE

I, Sharon E. Ulak, Attorney for Defendants, City of Philadelphia and Joseph

Sullivan, certify that on this date, I filed Defendants' Motion in Limine to Exclude

Evidence Related to Complaints Made by Others Concerning Other PAL Centers and

served a copy of the same on counsel for all parties electronically

Date: April 7, 2025                    */s/ Sharon E. Ulak*
                                       Sharon E. Ulak
                                       Divisional Deputy City Solicitor