IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVELYN CINTRON, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| v. | : | |
| | : | No. 19-4078 |
| CITY OF PHILADELPHIA, ET AL., | : | |
| | : | |
| Defendants. | : | |

# ORDER

**AND NOW** this _____ day of _____ 2025, upon consideration of Defendants City of Philadelphia and Joseph Sullivan's Motion in Limine, it is hereby **ORDERED** and **DECREED** that the Defendants' motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff is precluded at the trial of this matter from introducing any testimony or otherwise implying that any care provider told her that she could not return to work at the Philadelphia Police Department.

BY THE COURT:

_____
J. Surrick

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVELYN CINTRON, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| v. | : | |
| | : | No. 19-4078 |
| CITY OF PHILADELPHIA, ET AL., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE
EVIDENCE THAT PLAINTIFF'S CARE PROVIDERS DID NOT CLEAR HER
TO RETURN TO WORK AT THE PHILADELPHIA POLICE DEPARTMENT**

Defendants the City of Philadelphia and Joseph Sullivan, by and through their undersigned counsel, move this Honorable Court for the entry of an order precluding the introduction of any evidence that a medical provider opined that Plaintiff that she could not return to work. In support of its motion, Defendant incorporates by reference their Memorandum of Law filed contemporaneously herewith.

Respectfully submitted,

Date: April 7, 2025

*/s/ Sharon E. Ulak*
Sharon E. Ulak
Divisional Deputy City Solicitor
City of Philadelphia Law Dept.
Labor & Employment Unit
1515 Arch Street, 15th Floor
Philadelphia, PA 19102-1595
215-683-5083

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVELYN CINTRON, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| v. | : | |
| | : | No. 19-4078 |
| CITY OF PHILADELPHIA, ET AL., | : | |
| | : | |
| Defendants. | : | |

I.   **INTRODUCTION**

Defendants move this Court for the entry of an order precluding the introduction and/or admission of evidence that any doctor advised Plaintiff that she was unable to return to work for the reasons stated below:

II.   **FACTS**

Plaintiff alleges in her complaint that she became so stressed out by her workplace that her doctor would not clear her to return to work and "she was forced to retire." See Doc. 40, ¶ 68. At Plaintiff's deposition, she further testified that her doctor at Philmont Guidance told her she was unable to return to work. Cintron Dep. 1, 10/28/2022, at 149:21-25; 150:2-10 (attached hereto as Exhibit 1). Plaintiff did not provide the name of the person who made this recommendation, but she did testify that she never received a note indicating that she could not return to work. Id. at 150:18-22. Plaintiff has not produced any medical record or other evidence indicating that her doctors recommended that she not return to work. Furthermore, Plaintiff has not identified an expert or other person to opine that she could not return to work due to stress.

3

### III.     ARGUMENT

#### A.     Plaintiff's Testimony That Her Doctor Did Not Recommend She Return to Work is Inadmissible Hearsay

Plaintiff's only evidence that a doctor told her she could not return to work is her own testimony. Plaintiff has not provided the identity of this doctor, nor has she submitted any notes or records that would indicate a doctor advised her that she could not return to work. Plaintiff's case hinges on her assertion that she was "forced to retire" but she has not produced any evidence that any doctor advised she do so. Therefore, this testimony is pure hearsay and is clearly impermissible under the rules of evidence. See Fed. R. Evid. 802. Plaintiff has provided no admissible evidence, or any evidence indicating that this advice is admissible as a hearsay exception. See Fed. R. Evid. 803. and therefore, she should not be permitted to testify to it, nor should she be permitted to reference it.

#### B.     Permitting Plaintiff to Introduce This Evidence at Trial will Substantially Prejudice Defendants

Pursuant to Federal Rule of Evidence 403 "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…" "Unfair prejudice is that which could lead the jury to make an emotional or irrational decision, or to use the evidence in a manner not permitted by the rules of evidence." Comment to Fed.R.Evid. 403. The type of inquiry under Rule 403 is fact-intensive and context-specific. Sprint v. Mendelsohn, 522 U.S. 379 (2008).

Plaintiff asserts that she was forced to retire and that she could not get medical clearance to return to work but has not provided Defendants with any admissible evidence that any doctor advised that she was unable to work. This leaves Defendants wholly unable to defend themselves against Plaintiff's self-serving testimony and would unfairly prejudice Defendants if she were allowed to introduce this testimony. Therefore, the presentation of this type of evidence should be precluded.

IV.  **CONCLUSION**

Because Plaintiff's only evidence that a doctor advised her that she could no return to work is inadmissible hearsay, its presentation would substantially prejudice the jury. Therefore, Plaintiff should be precluded from introducing this evidence at trial.

Respectfully submitted,

Date: April 7, 2025

*/s/ Sharon E. Ulak*
Sharon E. Ulak
Divisional Deputy City Solicitor
City of Philadelphia Law Dept.
Labor & Employment Unit
1515 Arch Street, 15th Floor
Philadelphia, PA 19102-1595
215-683-5083

## CERTIFICATE OF SERVICE

      I, Sharon E. Ulak, Attorney for Defendants City of Philadelphia and Joseph Sullivan, certify that on this date, I filed Defendants' Motion in Limine to Exclude Evidence That Any Medical Provider Would Not Clear Plaintiff to Return to Work and served a copy of the same on counsel for all parties electronically


Date: April 7, 2025           */s/ Sharon E. Ulak*
                                   Sharon E. Ulak
                                   Divisional Deputy City Solicitor