**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| EVELYN CINTRON, | : | |
| Plaintiff, | : | |
| | : | Case No. 19-04078-RBS |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al, | : | |
| Defendants. | : | |
| | : | |
| | : | |

**ORDER**

    **AND NOW**, this _____ day of _____, 2025, upon consideration of

Defendant Police Athletic League's motion *in limine* to preclude Plaintiff Evelyn Cintron from

offering testimony or opinion that she was employed by, or had an employment relationship with,

Police Athletic League, it is **ORDERED** and **DECREED** that said Motion is **GRANTED**.


            BY THE COURT:


            _____
            The Honorable R. Barclay Surrick
            Senior Judge, United States District Court for
            the Eastern District of Pennsylvania

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| EVELYN CINTRON, | : | |
| Plaintiff, | : | |
| | : | Case No. 19-04078-RBS |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al, | : | |
| Defendants. | : | |
| | : | |
| | : | |

**DEFENDANT POLICE ATHLETIC LEAGUE'S MOTION *IN LIMINE*
TO PRECLUDE PLAINTIFF FROM TESTIFYING SHE WAS EMPLOYED BY, OR
HAD AN EMPLOYMENT RELATIONSHIP, WITH POLICE ATHLETIC LEAGUE**

Defendant Police Athletic League ("PAL") respectfully submits this motion *in limine* to preclude Plaintiff Evelyn Cintron ("Plaintiff") from offering testimony or opinion that she was employed by, or had an employment relationship with, PAL and in support thereof states as follows:

## I.    RELEVANT FACTUAL SUMMARY[1]

Plaintiff Evelyn Cintron ("Plaintiff") began her employment with the City of Philadelphia (the "City") on or about July 22, 1992, working as a corrections officer for the Philadelphia Department of Prisons.  (ECF No. 40, ¶¶ 16, 17.)  Approximately seven years later, Plaintiff joined the City's Police Department as a police officer.  (ECF No. 40, ¶¶ 16, 17; **Exhibit A**, Cintron Dep. Vol. 1, 26:8-19.)  In June 2016, Philadelphia Police Commissioner Richard Ross ("Commissioner

---

[1] For the sake of brevity, here and in its other motions *in limine*, PAL does not set forth at length the facts of this matter.  PAL sets forth herein only the facts most relevant to this motion and refers the Court to its Motion for Summary Judgement (ECF No. 79-1) for a full recitation of the facts.

Ross") appointed Plaintiff to be the Commanding Officer of the Police Department's PAL Unit. (ECF No. 40, ¶ 19.)

That said, as the Commanding Officer of the PAL Unit, Plaintiff had no employment relationship with PAL.  Specifically:

- Plaintiff's salary was paid by the City (**Exhibit A**, Cintron Dep. Vol. 1, 38:13-18);

- Plaintiff received no paycheck or income from PAL (**Exhibit A**, Cintron Dep. Vol. 1, 38:19-21);

- Plaintiff received no bonuses from PAL (**Exhibit A**, Cintron Dep. Vol. 1, 39:5-6);

- If Plaintiff was paid any overtime, that was paid by the City (**Exhibit A**, Cintron Dep. Vol. 1, 42:9-14);

- PAL did not set Plaintiff's pay, which was set by the City (**Exhibit A**, Cintron Dep. Vol. 1, 184:14-20);

- Plaintiff received her benefits through the City (**Exhibit A**, Cintron Dep. Vol. 1, 38:22-25);

- Plaintiff received no benefits through PAL (**Exhibit A**, Cintron Dep. Vol. 1, 39:2-4);

- PAL did not set Plaintiff's schedule (**Exhibit B**, Cintron Dep. Vol. 2, 159:19-21);

- PAL did not have the ability to discipline or reprimand Plaintiff (**Exhibit B**, Cintron Dep. Vol. 2, 159:22-24);

- Plaintiff, even in her role as Commanding Officer of the PAL Unit, could not fire any of the PAL's private civilian workforce (**Exhibit A**, Cintron Dep. Vol. 1, 53:22-25);

- PAL did not have the ability to remove Plaintiff as the Commanding Officer of the PAL unit (**Exhibit A**, Cintron Dep. Vol. 1, 139:14-18); and

- Plaintiff has no employment agreement or contract with PAL (**Exhibit A**, Cintron Dep. Vol. 1, 54:7-10).

*See also* ECF No. 79-1, pp. 14-19.  Plaintiff has offered no evidence or testimony to rebut these facts.  In fact, in opposing PAL's Motion for Summary Judgment, Plaintiff did not offer any

argument on this issue, acknowledging that "[Plaintiff] was employed by the City of Philadelphia in 1992." (ECF No. 82-2, p. 2.) Further, Plaintiff acknowledges (consistent with the above) that "[t]here is nothing … that gives [PAL's Executive Director] authority to give orders to police personnel in the PAL Unit. (ECF No 82-2, p. 3.)

## II. LEGAL ARGUMENT

### A. Applicable Standard

"A motion *in limine* allows the trial court to rule on the admissibility and relevance of evidence." *White v. City of Vineland*, No. 16-08308, 2021 U.S. Dist. LEXIS 25818, at *1 (D. N.J. July 15, 2021) (citing *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)). "[A] motion in limine determination ensures the jury is not exposed to prejudicial, confusing, or irrelevant evidence." *Id*. at *1-2 (citing *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988)); *see also* FED. R. EVID. 403 ("[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issue, misleading the jury, undue delay, or needlessly presenting cumulative evidence").

### B. Testimony or Opinion that Plaintiff Had an Employment Relationship with, or was Employed by, PAL Should Be Precluded

It is undisputed that Plaintiff was a long tenured City employee. Concurrently, Plaintiff herself has offered a litany of facts demonstrating that she did not have any employment relationship with PAL. *See* Section I, ECF No. 79-1, pp. 14-19. Were Plaintiff to suggest during trial that she was employed by, or had an employment relationship with PAL, Plaintiff would be interjecting opinion-based testimony at trial that is factually contradictory to her sworn deposition testimony. Further, it would create the risk of unfair prejudice to PAL because allowing Plaintiff

to testify that she was employed by PAL, or had an employment relationship with, PAL, creates the risk that her own conclusions may be substituted for the independent findings of the jury. Put another way, a jury may ultimately decide that PAL had some sort of employment relationship with PAL as a predicate to a liability finding (given that Plaintiff's claims are primarily employment based). But that conclusion should be reached on the facts and only after the close of all evidence. Allowing Plaintiff to opine or suggest that she had an employment relationship with PAL, and to supply some heretofore unknown basis in support of such an alleged employment relationship, would permit her to create new evidence at trial that she has never brought forth to date and would be the quintessential "surprise" at trial that the discovery process is designed to address and avoid.

At the same time, allowing Plaintiff to testify in this regard could create the risk of confusion for the jury and unfair prejudice to PAL. The issue of whether Plaintiff had an employment relationship with PAL is an issue to be decided by the jury at the close of evidence of record. Should Plaintiff substitute her personal opinions and conclusions as a form of evidence when she is not a legal expert permitted to offer such opinions and conclusions, and without the support of record evidence, there is a risk that a jury may be confused and reach a determination based upon the confusion predicated on Plaintiff's testimony. That creates an unfair risk to PAL as it would then be in the position of needing to rebut a factual conclusion the jury should not yet have reached and one it reached on impermissible opinion testimony. That would be unfair to PAL under the circumstances and justifies the relief sought by this motion.

## III.    CONCLUSION

Based on the foregoing, PAL respectfully requests that this Honorable Court grant its motion and preclude Plaintiff from offering any testimony, inference, or opinion that she was employed by, or had an employment relationship with, PAL.

Respectfully submitted,

**O'HAGAN MEYER PLLC**

Dated: April 7, 2025

_/s/ Kevin L. Golden_
Kevin L. Golden, Esquire
Michon L. Crawford, Esquire
Three Logan Square
1717 Arch Street, Suite 3910
Philadelphia PA 19103
Phone: 215-461-3323
kgolden@ohaganmeyer.com
mcrawford@ohaganmeyer.com
_Counsel for Defendant Police Athletic League_

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of April, 2025 I caused a true and correct copy of the foregoing **Motion in *Limine*** to be filed with the Clerk of the Court via the Electronic Filing System upon all counsel of record.

Respectfully submitted,

**O'HAGAN MEYER PLLC**

<u>/s/ Kevin L. Golden</u>
Kevin L. Golden, Esquire