IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVELYN CINTRON, <br>          Plaintiff, <br> v. <br> CITY OF PHILADELPHIA, et al, <br>          Defendants. | Case No. 19-04078-RBS |

**ORDER**

    **AND NOW**, this _____ day of _____, 2025, upon consideration of Defendant Police Athletic League's Motion *in limine* to Preclude Plaintiff Evelyn Cintron from offering testimony and opinion based on hearsay and speculation, it is **ORDERED** and **DECREED** that said Motion is **GRANTED**.

    It is **FURTHER ORDERED** and **DECREED** that Plaintiff is precluded from relying on hearsay and/or speculation during her trial testimony.

BY THE COURT:

_____
The Honorable R. Barclay Surrick
Senior Judge, United States District Court for
the Eastern District of Pennsylvania

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVELYN CINTRON,<br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, et al,<br>　　　　　Defendants. | :<br>:<br>:<br>:  Case No. 19-04078-RBS<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT POLICE ATHLETIC LEAGUE'S MOTION IN *LIMINE*
TO PRECLUDE HEARSAY TESTIMONY AT TRIAL**

Defendant Police Athletic League ("PAL") respectfully submits this Motion *in limine* to preclude testimony or opinion based on hearsay or speculation and in support thereof states as follows:

**I.　　RELEVANT FACTUAL SUMMARY**[1]

　　**A.　　Relevant History and Allegations**

Plaintiff Evelyn Cintron ("Plaintiff") began her employment with the City of Philadelphia (the "City") on or about July 22, 1992, working as a corrections officer for the Philadelphia Department of Prisons. (ECF No. 40, ¶¶ 16, 17.) Approximately seven years later, Plaintiff joined the City's Police Department as a police officer. (ECF No. 40, ¶¶ 16, 17; **Exhibit A**, Cintron Dep. Vol. 1, 26:8-19.) In June 2016, Philadelphia Police Commissioner Richard Ross ("Commissioner Ross") appointed Plaintiff to be the Commanding Officer of the Police Department's PAL Unit. (ECF No. 40, ¶ 19.)

---

[1] For the sake of brevity, here and in its other motions *in limine*, PAL does not set forth at length the facts of this matter. PAL sets forth herein only the facts most relevant to this motion and refers the Court to its Motion for Summary Judgement (ECF No. 79-1) for a full recitation of the facts.

### B. Plaintiff's Deposition Testimony

During her depositions, Plaintiff was asked how she was, according to Plaintiff, discriminated against on the basis of her sex and national origin. (*See* Cintron Dep. Vol. 1 (ECF No. 79-2); Cintron Dep. Vol. 2, (ECF No. 79-3). Much of Plaintiff's testimony relates to alleged statements made by Ted Qualli ("Qualli"), PAL's then Executive Director, as well Rob Rabena ("Rabena") and Bernie Prazenica ("Prazenica"), whom Plaintiff alleges were on PAL's Board at the time. The issue with this testimony, however, is that it is replete with hearsay, double-hearsay, and speculation. At the same time, Plaintiff failed to take the depositions of Qualli, Rabena, and Prazenica.

<u>Hearsay</u>

In support of her claims that she was treated differently due to her sex and national origin, Plaintiff testified that she was excluded from "meetings that I should be attending to make decisions." **Exhibit A**, Cintron Dep. Vol. 1, 121:13-14. However, Plaintiff has only hearsay (and, as noted below, speculation) to support this contention. Specifically, according to Plaintiff, Qualli, Rabena, and Prazenica "told me I would be attending the same meeting as well, but then I was not invited to attend." **Exhibit A**, Cintron Dep. Vol. 1, 120:14-20. According to Plaintiff, her white, male predecessor was not excluded from these meetings. **Exhibit A**, Cintron Dep. Vol. 1, 120:5-7. But Plaintiff bases her conclusions on her predecessor's attendance on textbook hearsay and on the alleged statements of Qualli, Rabena, and Prazenica. *See* **Exhibit A**, Cintron Dep. Vol. 1, 121:24-122:3; 122:4-14. Plaintiff admits that she has no personal knowledge of these alleged facts and that her testimony is predicated entirely on hearsay statements by Rabena and Prazenica. **Exhibit A**, Cintron Dep. Vol. 1, 122:15-20.

### Double Hearsay

Plaintiff also testified that Qualli attempted to undermine her by telling two sergeants within the PAL Unit to take certain actions which the sergeants relayed to Plaintiff. **Exhibit A**, Cintron Dep. Vol. 1, 86:7-14. Plaintiff also claims, as to her alleged exclusion from meetings, that Rabena and Prazenica told Qualli they did not want to meet with Plaintiff, something which Qualli then relayed to Plaintiff. **Exhibit A**, Cintron Dep. Vol. 1, 101:1-17. Separately, Plaintiff claims that Qualli delivered a message to Maureen Rush ("Rush") that Rush then relayed to Plaintiff. **Exhibit A**, Cintron Dep. Vol. 1, 126:7-11.

### Speculation

As noted above, Plaintiff also testified that she was excluded from "decision-making meetings." **Exhibit A**, Cintron Dep. Vol. 1, 104:7-11. However, when pressed about how she knew these were "decision-making meetings," Plaintiff stated that "you have to ask them," that she doesn't know what was being decided in these meetings, and that she doesn't even know what was discussed during these meetings. **Exhibit A**, Cintron Dep. Vol. 1, 104:17-105:6. Nevertheless, Plaintiff claims that she was precluded from these meetings due to her sex and national origin. **Exhibit A**, Cintron Dep. Vol. 1, 121:9-14. Notably, Plaintiff's predecessor, Lieutenant Eddis, was a white male. **Exhibit A**, Cintron Dep. Vol. 1, 120:5-7. But Plaintiff does not know if her white, male predecessor was excluded from any of those meetings. **Exhibit A**, Cintron Dep. Vol. 1, 120:5-7, 121:21-25 ("I don't know if he was excluded from any of the meetings").

### Present Motion

It is clear – based on Plaintiff's deposition testimony and the lack of related evidence (e.g., the deposition transcript of Qualli, Rabena, or Prazenica) – that the only evidence Plaintiff will

3

have to rely upon at trial is hearsay statements from Qualli, Rabena, and Prazenica along with her subjective opinions and speculation. This type of testimony and speculation is ripe for a motion *in limine*.

## II.     LEGAL ARGUMENT

### A.     Applicable Standard

As a general rule, hearsay statements are not admissible at trial. FED. R. EVID. 802.

### B.     Plaintiff Should be Precluded from Offering Hearsay Statements at Trial

PAL anticipates that, because she has no other evidence upon which to support her claims, and because she never deposed Qualli, Rabena, or Prazenica, Plaintiff will attempt to rely on her prior statements involving hearsay and double hearsay. Such statements should be precluded at trial. *See Roberts Tech Grp, Inc. v. Curwood, Inc.*, No. 14-5677, 2016 U.S. Dist. LEXIS 64538, at *3 (E.D. Pa. May 16, 2016) (granting defendant's motion *in limine* to preclude hearsay statements allegedly made to the plaintiff's officers and then later recorded). Here, the Court is presented with a similar issue – Plaintiff is attempting to predicate her claims on out of court statements allegedly made by a PAL employee or board members, that are not corroborated in any way, and where Plaintiff failed to take those individuals' depositions. Accordingly, it is appropriate to preclude Plaintiff's testimony on these allegations at trial. *See Roberts Tech Grp, Inc.*, 2016 U.S. Dist. LEXIS 64538, at *3. It should also be noted that this is not a situation where PAL speculatively seeks to preclude hearsay but, rather, has identified with particularity alleged statements and claims offered by Plaintiff. *See Rosa-Diaz v. Dow*, No. 3:14-5, 2016 U.S. Dist. LEXIS 156035, at *6 (W.D. Pa. Nov. 10, 2016).

### C. Plaintiff Should Not Be Able to Offer Speculation at Trial

As noted above, Plaintiff alleges that she was excluded from PAL's decision-making meetings, which Plaintiff claims supports her discrimination claims. **Exhibit A**, Cintron Dep. Vol. 1, 104:7-11. But when asked about what was discussed at these meetings, Plaintiff retorted that "you have to ask them" and then acknowledged that she does not know what was being decided in these meetings and, further, that she does not even know what was discussed during these meetings. **Exhibit A**, Cintron Dep. Vol. 1, 104:17-105:6. At the same time, while Plaintiff claims she was excluded from these meetings where her white, male predecessor was not (**Exhibit A**, Cintron Dep. Vol. 1, 121:9-14), Plaintiff then admits that she has no idea whether her predecessor was excluded from such meetings. **Exhibit A**, Cintron Dep. Vol. 1, 120:5-7, 121:21-25 ("I don't know if he was excluded from any of the meetings"). Allowing Plaintiff to offer such speculative testimony would unfairly prejudice PAL because there is no factual evidence to support the claim. *See Keiser v. Borough of Carlisle*, No. 15-cv-450, 2017 U.S. Dist. LEXIS 148688, at *10-11 (M.D. Pa. Sep. 14, 2017) (granting motion i*n limine* to preclude speculative testimony because it was not relevant and because "its limited probative value would be substantially outweighed by the danger of unfair prejudice"); *Kimmel v. Pontiakowski*, No. 13-cv-2229, 2014 U.S. Dist. LEXIS 162022, at *6 (M.D. Pa. Nov. 19, 2014) (granting motion to preclude testimony "because it is speculative"); *see also Pusey v. Becton Dickinson & Co.*, 794 F. Supp.2d 551, 561 (E.D. Pa. 2011) (quoting *Gov't of Virgin Islands v. Knight*, 989 F.2d 619, 629 (3d Cir. 1993) (lay witnesses "must 'have firsthand knowledge of the factual predicates that form the basis for the opinion").

### III. CONCLUSION

Based on the foregoing, PAL respectfully requests that this Honorable Court grant its motion and preclude any testimony or opinion from Plaintiff based on hearsay or speculation.

5

|  | Respectfully submitted, |
|---|---|
|  | **O'HAGAN MEYER PLLC** |
| Dated: April 7, 2025 | /s/ Kevin L. Golden<br>Kevin L. Golden, Esquire<br>Michon L. Crawford, Esquire<br>Three Logan Square<br>1717 Arch Street, Suite 3910<br>Philadelphia PA 19103<br>Phone: 215-461-3323<br>kgolden@ohaganmeyer.com<br>mcrawford@ohaganmeyer.com<br>*Counsel for Defendant Police Athletic League* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of April, 2025 I caused a true and correct copy of the foregoing **Motion in *Limine*** to be filed with the Clerk of the Court via the Electronic Filing System upon all counsel of record.

    Respectfully submitted,

    **O'HAGAN MEYER PLLC**

    */s/ Kevin L. Golden*
    Kevin L. Golden, Esquire